UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| UNIVERSAL CONNECTIVITY TECHNOLOGIES INC., | |
| Plaintiff, | Case No.  2:23-cv-449 |
| v. | **JURY TRIAL DEMANDED** |
| LENOVO GROUP LIMITED, | |
| Defendant. | |

**COMPLAINT FOR PATENT INFRINGEMENT
AGAINST LENOVO GROUP LIMITED**

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.*, in which Plaintiff Universal Connectivity Technologies Inc. ("Plaintiff") makes the following allegations against Defendant Lenovo Group Limited ("Defendant" or "Lenovo"):

**INTRODUCTION**

1.      This complaint arises from Lenovo's unlawful infringement of the following United States patents owned by Plaintiff:  United States Patent Nos. 7,154,905 ("the '905 Patent"), 7,187,307 ("the '307 Patent"), 7,746,798 ("the '798 Patent"), 9,232,265 ("the '265 Patent"), 8,680,712 ("the '712 Patent"), 7,856,520 ("the '520 Patent"), 7,921,231 ("the '231 Patent"), and 9,852,103 ("the '103 Patent") (collectively, the "Asserted Patents").

**PARTIES**

2.      Plaintiff Universal Connectivity Technologies Inc. ("UCT") is a Delaware corporation, with its principal place of business at 1891 Robertson Road, Suite 100, Ottawa, ON K2H 5B7, Canada.  UCT is a wholly-owned subsidiary of Wi-LAN Technologies Inc., which is a

wholly-owned subsidiary of Wi-LAN Inc. ("WiLAN") and is a Canadian corporation with a principal place of business at 1891 Robertson Road, Suite 100, Ottawa, ON K2H 5B7, Canada. UCT is the sole owner by assignment of all right, title, and interest in the Asserted Patents, including the right to recover for past, present, and future infringement.

3.     Defendant Lenovo Group Limited is a foreign company organized and existing under the laws of China, with its headquarters at 23rd Floor, Lincoln House, Taikoo Place, 979 King's Road, Quarry Bay, Hong Kong S.A.R. of China.  Lenovo does business in Texas and in the Eastern District of Texas, directly or through intermediaries, such as its wholly-owned subsidiaries.  Lenovo is responsible for importing, making, marketing, distributing, offering for sale, and/or selling Lenovo-branded laptops, desktops, monitors, docking stations, and adapters in the United States (directly or through its wholly-owned subsidiaries), including in this District.

4.     Lenovo induces its subsidiaries, affiliates, retail partners, and customers in the making, using, selling, offering for sale, and/or importing throughout the United States, including within this District, infringing products (such as Lenovo-branded laptops, desktops, monitors, docking stations, and adapters) and placing such products into the stream of commerce via established distribution channels knowing or understanding that such products would be sold and used in the United States, including in the Eastern District of Texas.  Lenovo purposefully directs the Accused Products into established distribution channels within this District and the U.S. nationally.  For example, Lenovo sells and offers to sell the Accused Products through its website, Lenovo.com, which may be accessed throughout the United States, the State of Texas, and this District.  Additionally, Lenovo has authorized sellers and sales representatives that offer for sale and sell the Accused Products throughout the State of Texas and to consumers throughout this District, such as:  Best Buy, 422 West Loop 281, Suite 100, Longview, Texas 75605; Costco

Wholesale, 3650 West University Drive, McKinney, Texas 75071; Office Depot, 422 West Loop 281, Suite 300, Longview, Texas 75605; Target, 3092 North Eastman Road, Suite 100, Longview, Texas 75605; and Wal-Mart, 1701 East End Boulevard North, Marshall, Texas 75670.

5.      Lenovo maintains a corporate presence in the United States via at least its wholly-owned subsidiaries, including Lenovo (United States) Inc. ("Lenovo US") and Lenovo Global Technology (United States) Inc. ("Lenovo Tech.").

6.      Lenovo US is a corporation organized and existing under the laws of Delaware, with a corporate headquarters located at 1009 Think Place, Morrisville, NC 27560.  Lenovo US is registered to do business in the State of Texas and may be served through CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201.

7.      Lenovo Tech. is a corporation organized and existing under the laws of Delaware, with a corporate headquarters located at 1009 Think Place, Morrisville, NC 27560.  Lenovo Tech. is registered to do business in the State of Texas and may be served through CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201.

8.      Lenovo and its U.S.-based subsidiaries (which act as part of a global network of sales and manufacturing subsidiaries) operate as agents of one another and vicariously as parts of the same business group to work in concert together.  For example, in its 2022/23 Annual Report, Lenovo describes itself and its subsidiaries as follows:

> Lenovo Group Limited (the "Company") and its subsidiaries (together, the "Group") develop, manufacture and market reliable, high-quality, secure and easy-to-use technology products and services. Its product lines include legendary Think-branded commercial personal computers and Idea-branded consumer personal computers, as well as servers, workstations, and a family of mobile internet devices, including tablets and smartphones.

Ex. 1 at 192 (https://investor.lenovo.com//en/publications/reports.php).  Lenovo identifies U.S.-based subsidiaries (including but not limited to Lenovo US and Lenovo Tech.) in its list of "principal subsidiaries."  *Id.* at 279, 281.  Lenovo describes its "principal subsidiaries" as follows:

> The following includes the principal subsidiaries directly or indirectly held by the Company and, in the opinion of the directors, are significant to the results of the year or form a substantial portion of the net assets of the Group. The directors consider that giving details of other subsidiaries would result in particulars of excessive length.

*Id.* at 276.  Lenovo identifies its 2023 "percentage of issued share capital held" for Lenovo US and Lenovo Tech. as "100%."  *Id.* at 279, 281.  Further, Lenovo identifies the "principal activities" for Lenovo US as "[d]istribution of IT products" and the "principal activities" for Lenovo Tech. as "[p]rovision of IT services and distribution of IT products."  *Id.*  As such, Lenovo US and Lenovo Tech. are agents of Lenovo.  At the direction and control of Lenovo, U.S.-based subsidiaries (including but not limited to Lenovo US and Lenovo Tech.) make, use, import, offer to sell, and/or sell Lenovo-branded laptops, desktops, monitors, docking stations, and adapters that infringe the Asserted Patents, including in the State of Texas and this District.

9.     Lenovo, alone and through its U.S.-based subsidiaries (such as Lenovo US and Lenovo Tech.), places such infringing products into the stream of commerce via established distribution channels knowing or understanding that such products would be sold and used in the United States, including in the Eastern District of Texas.  Lenovo has derived substantial revenue from infringing acts in the United States, including from the sale and use of infringing products. *See*   Ex.   1   at   225   (showing   revenues   for   "Americas") (https://investor.lenovo.com//en/publications/reports.php).

## JURISDICTION AND VENUE

10.     This action arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

11.     This Court has personal jurisdiction over Lenovo in this action because Lenovo has committed acts within Texas (and this District) giving rise to this action and has established

minimum contacts with this forum such that the exercise of jurisdiction over Lenovo would not offend traditional notions of fair play and substantial justice.  Lenovo, directly and/or through subsidiaries or intermediaries, has committed and continues to commit acts of infringement in this District by, among other things, making, using, importing, offering to sell, and/or selling products that infringe the Asserted Patents.  Courts in Texas have concluded that Lenovo is subject to personal jurisdiction in the State of Texas.  *See ACQIS LLC v. Lenovo Grp. Ltd.*, 572 F. Supp. 3d 291, 307 (W.D. Tex. 2021) ("this Court finds that the exercise of personal jurisdiction over [Lenovo Group Limited] is both reasonable and fair."); *see also AX Wireless LLC v. Lenovo Grp. Ltd.*, No. 2:22-cv-00280-RWS-RSP, Dkt. No. 110 (report and recommendation) (E.D. Tex. Sept. 6, 2023) ("exercising personal jurisdiction [over Lenovo Grp. Ltd.] would not offend traditional notions of fair place and substantial justice.").

12.     Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b).  Lenovo, directly and/or through subsidiaries or intermediaries, has transacted business in this District and has committed acts of direct infringement in this District by, among other things, making, using, offering to sell, selling, and importing products that infringe the Asserted Patents.  Venue is also proper as to Lenovo because it is a foreign corporation organized under the laws of China and suits against foreign entities are proper in any judicial district.  *See* 28 U.S.C. § 1391(c)(3); *In re HTC Corp.*, 889 F.3d 1349 (Fed. Cir. 2018).

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 7,154,905

13.     Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

14.     Plaintiff owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 7,154,905, titled "Method and system for nesting of communications packets."  The '905 Patent was duly and legally issued by the United States Patent and Trademark Office on December 26, 2006.  A true and correct copy of the '905 Patent is attached as Exhibit 2.

15.     On information and belief, Lenovo has and continues to make, use, offer for sale, sell, and/or import certain products and services, including without limitation Lenovo products (laptops, desktops, monitors, and docking stations) that support DisplayPort 1.2 or later, such as the Qreator 27 UHD Smart Crystal Sound Wireless Charging Monitor, ThinkCentre M75s Gen 2 Small Form Factor Desktop, ThinkPad USB-C Dock Gen 2 Docking Station, and Legion 7 Gen 6 & 7 Gaming Laptop ("Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '905 Patent.  Identification of the Accused Products will be provided in Plaintiff's infringement contentions disclosed pursuant to the Court's scheduling order.  Plaintiff's identification of the Accused Products is not intended to accuse products where the infringement accusations are directed at products that are licensed by the license between Intel Corporation and WiLAN.

16.     The Accused Products satisfy all claim limitations of one or more claims of the '905 Patent.  A claim chart comparing exemplary independent claim 21 of the '905 Patent to representative Accused Products is attached as Exhibit 3.

17.     On June 30, 2022, WiLAN sent Lenovo a letter indicating that certain Lenovo products infringe at least claim 21 of the '905 Patent and proposed times to discuss a potential license from UCT to practice the '905 Patent.  Ex. 4.  On July 11, 2022, Lenovo's licensing department confirmed receipt of the June 30 letter and indicated that it "would be happy to engage

in discussions" with WiLAN regarding a potential license.  Ex. 5.  Thereafter, WiLAN and Lenovo exchanged various emails and held numerous calls to discuss the UCT patents (including substantive discussions regarding the alleged infringement and validity of the patents), including calls on July 26, 2022, November 1, 2022, November 8, 2022, November 29, 2022, December 20, 2022, January 24, 2023, January 31, 2023, February 14, 2023, and March 7, 2023.  After extensive discussions between the parties, Lenovo ultimately declined to take a license, or even hear UCT's offer for a license, on a call held on March 30, 2023.

18.     Lenovo knowingly and intentionally induces infringement of one or more claims of the '905 Patent in violation of 35 U.S.C. § 271(b).  As of at least July 11, 2022, Lenovo has knowledge of the '905 Patent and the infringing nature of the Accused Products.  Despite this knowledge of the '905 Patent, Lenovo continues to actively encourage and instruct its customers and end users (for example, through online instruction and other online publications cited in Exhibit 3) to use the Accused Products in ways that directly infringe the '905 Patent.  For example, Lenovo advertises that its products are compatible with DisplayPort.  *See, e.g.*, https://www.lenovo.com/us/en/p/desktops/thinkcentre/m-series-sff/thinkcentre-m75s-gen-2/11tc1mdm75s?orgRef=https%253A%252F%252Fwww.google.com%252F#tech_specs (ThinkCenter M75s Gen 2 Small Form Factor Desktop – Product Specification); https://www.lenovo.com/us/en/p/laptops/legion-laptops/legion-7-series/legion-7-gen-6-(16-inch-amd)/len101g0011?orgRef=https%253A%252F%252Fwww.google.com%252F (Legion 7 Gen 6 Gaming Laptop – Product Specification).  Lenovo also instructs its customers and end users on how to use the Accused Products in an infringing manner, including through the use of DisplayPort.                    *See,                    e.g.*, https://download.lenovo.com/pccbbs/thinkcentre_pdf/m75s_gen2_ug_en.pdf (ThinkCenter M75s

Gen       2       Small       Form       Factor       Desktop       –       User       Manual); https://download.lenovo.com/pccbbs/pubs/legion_7_16_6/html_en/index.html#t=EN%2Fcover.h tml (Legion 7 Gen 6 Gaming Laptop – User Manual).  Lenovo provides these instructions and materials knowing and intending (or with willful blindness to the fact) that its customers and end users will commit these infringing acts.  Lenovo also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '905 Patent, thereby specifically intending for and inducing its customers to infringe the '905 Patent through the customers' normal and customary use of the Accused Products.

19.    Lenovo has also infringed, and continues to infringe, one or more claims of the '905 Patent by selling, offering for sale, or importing into the United States, the Accused Products, knowing that the Accused Products constitute a material part of the inventions claimed in the '905 Patent, are especially made or adapted to infringe the '905 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use.  As of at least July 11, 2022, Lenovo has knowledge of the '905 Patent and the infringing nature of the Accused Products.  Lenovo has been, and currently is, contributorily infringing the '905 Patent in violation of 35 U.S.C. §§ 271(c) and/or (f).  For example, the identified hardware and/or software components in Lenovo's laptops, desktops, monitors, and docking stations that support DisplayPort 1.2 constitute a material part of the inventions claimed in the '905 Patent, are especially made or adapted to infringe the '905 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use, as demonstrated by the evidence cited above and in Exhibit 3.

20.    By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Lenovo has injured Plaintiff and is liable for infringement of the '905 Patent pursuant to 35 U.S.C. § 271.

21.     On information and belief, Plaintiff (including its predecessors and any licensees) complied with 35 U.S.C. § 287 during the relevant time period because Plaintiff, its predecessors, and any licensees did not make, offer for sale, or sell products that practice(d) the '905 Patent during the relevant time period or were not required to mark during the relevant time period.

22.     As described above, Lenovo obtained knowledge of the '905 Patent and that certain products infringe the '905 Patent as of at least July 11, 2022, but has not ceased its infringing activities.  Lenovo's infringement of the '905 Patent has been and continues to be willful and deliberate.  Lenovo also has knowledge of the '905 Patent by way of this complaint and, to the extent they do not cease their infringing activities, their infringement is and continues to be willful and deliberate.

23.     As a result of Lenovo's direct and indirect infringement of the '905 Patent, Plaintiff is entitled to monetary damages (past, present, and future) in an amount adequate to compensate for Lenovo's infringement, but in no event less than a reasonable royalty for the use made of the invention by Lenovo, together with interest and costs as fixed by the Court.

## COUNT II

## INFRINGEMENT OF U.S. PATENT NO. 7,187,307

24.     Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

25.     Plaintiff owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 7,187,307, titled "Method and system for encapsulation of multiple levels of communication protocol functionality within line codes."  The '307 Patent was duly and legally issued by the United States Patent and

Trademark Office on March 6, 2007.  A true and correct copy of the '307 Patent is attached as Exhibit 6.

26.     On information and belief, Lenovo has and continues to make, use, offer for sale, sell, and/or import certain products and services, including without limitation Lenovo products (laptops, desktops, monitors, and docking stations) that support DisplayPort Version 1.0 or later, such as the Qreator 27 UHD Smart C1ystal Sound Wireless Charging Monitor, ThinkCentre M75s Gen 2 Small Form Factor Desktop, Legion 7 Gen 6 & 7 Gaming Laptop, and ThinkPad USB-C Dock Gen 2 Docking Station ("Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '307 Patent.  Identification of the Accused Products will be provided in Plaintiff's infringement contentions disclosed pursuant to the Court's scheduling order.  Plaintiff's identification of the Accused Products is not intended to accuse products where the infringement accusations are directed at products that are licensed by the license between Intel Corporation and WiLAN.

27.     The Accused Products satisfy all claim limitations of one or more claims of the '307 Patent.  A claim chart comparing exemplary independent claim 68 of the '307 Patent to representative Accused Products is attached as Exhibit 7.

28.     On June 30, 2022, WiLAN sent Lenovo a letter indicating that certain Lenovo products infringe at least claims 53 and 68 of the '307 Patent and proposed times to discuss a potential license from UCT to practice the '307 Patent.  Ex. 4.  On July 11, 2022, Lenovo's licensing department confirmed receipt of the June 30 letter and indicated that it "would be happy to engage in discussions" with WiLAN regarding a potential license.  Ex. 5.  Thereafter, WiLAN and Lenovo exchanged various emails and held numerous calls to discuss the UCT patents (including substantive discussions regarding the alleged infringement and validity of the patents),

including calls on July 26, 2022, November 1, 2022, November 8, 2022, November 29, 2022, December 20, 2022, January 24, 2023, January 31, 2023, February 14, 2023, and March 7, 2023. After extensive discussions between the parties, Lenovo ultimately declined to take a license, or even hear UCT's offer for a license, on a call held on March 30, 2023.

29.     Lenovo knowingly and intentionally induces infringement of one or more claims of the '307 Patent in violation of 35 U.S.C. § 271(b).  As of at least July 11, 2022, Lenovo has knowledge of the '307 Patent and the infringing nature of the Accused Products.  Despite this knowledge of the '307 Patent, Lenovo continues to actively encourage and instruct its customers and end users (for example, through online instruction and other online publications cited in Exhibit 7) to use the Accused Products in ways that directly infringe the '307 Patent.  For example, Lenovo advertises that its products are compatible with DisplayPort.  *See, e.g.*, https://www.lenovo.com/us/en/p/desktops/thinkcentre/m-series-sff/thinkcentre-m75s-gen-2/11tc1mdm75s?orgRef=https%253A%252F%252Fwww.google.com%252F#tech_specs (ThinkCenter M75s Gen 2 Small Form Factor Desktop – Product Specification); https://www.lenovo.com/us/en/p/laptops/legion-laptops/legion-7-series/legion-7-gen-6-(16-inch-amd)/len101g0011?orgRef=https%253A%252F%252Fwww.google.com%252F (Legion 7 Gen 6 Gaming Laptop – Product Specification).  Lenovo also instructs its customers and end users on how to use the Accused Products in an infringing manner, including through the use of DisplayPort.                                    *See,                                    e.g.*, https://download.lenovo.com/pccbbs/thinkcentre_pdf/m75s_gen2_ug_en.pdf (ThinkCenter M75s Gen 2 Small Form Factor Desktop – User Manual); https://download.lenovo.com/pccbbs/pubs/legion_7_16_6/html_en/index.html#t=EN%2Fcover.html (Legion 7 Gen 6 Gaming Laptop – User Manual).  Lenovo provides these instructions and

materials knowing and intending (or with willful blindness to the fact) that its customers and end users will commit these infringing acts.  Lenovo also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '307 Patent, thereby specifically intending for and inducing its customers to infringe the '307 Patent through the customers' normal and customary use of the Accused Products.

30.     Lenovo has also infringed, and continues to infringe, one or more claims of the '307 Patent by selling, offering for sale, or importing into the United States, the Accused Products, knowing that the Accused Products constitute a material part of the inventions claimed in the '307 Patent, are especially made or adapted to infringe the '307 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use.  As of at least July 11, 2022, Lenovo has knowledge of the '307 Patent and the infringing nature of the Accused Products.  Lenovo has been, and currently is, contributorily infringing the '307 Patent in violation of 35 U.S.C. §§ 271(c) and/or (f).  For example, the identified hardware and/or software components in Lenovo's laptops, desktops, monitors, and docking stations that support DisplayPort constitute a material part of the inventions claimed in the '307 Patent, are especially made or adapted to infringe the '307 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use, as demonstrated by the evidence in Exhibit 7.

31.     By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Lenovo has injured Plaintiff and is liable for infringement of the '307 Patent pursuant to 35 U.S.C. § 271.

32.     On information and belief, Plaintiff (including its predecessors and any licensees) complied with 35 U.S.C. § 287 during the relevant time period because Plaintiff, its predecessors,

and any licensees did not make, offer for sale, or sell products that practice(d) the '307 Patent during the relevant time period or were not required to mark during the relevant time period.

33.     As described above, Lenovo obtained knowledge of the '307 Patent and that certain products infringe the '307 Patent as of at least July 11, 2022, but has not ceased its infringing activities.  Lenovo's infringement of the '307 Patent has been and continues to be willful and deliberate.  Lenovo also has knowledge of the '307 Patent by way of this complaint and, to the extent they do not cease their infringing activities, their infringement is and continues to be willful and deliberate.

34.     As a result of Lenovo's direct and indirect infringement of the '307 Patent, Plaintiff is entitled to monetary damages (past, present, and future) in an amount adequate to compensate for Lenovo's infringement, but in no event less than a reasonable royalty for the use made of the invention by Lenovo, together with interest and costs as fixed by the Court.

## COUNT III

## INFRINGEMENT OF U.S. PATENT NO. 7,746,798

35.     Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

36.     Plaintiff owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 7,746,798, titled "Method and system for integrating packet type information with synchronization symbols." The '798 Patent was duly and legally issued by the United States Patent and Trademark Office on June 29, 2010.  A true and correct copy of the '798 Patent is attached as Exhibit 8.

37.     On information and belief, Lenovo has and continues to make, use, offer for sale, sell, and/or import certain products and services, including without limitation Lenovo products

(laptops, desktops, monitors, and docking stations) that support USB 3.0 and later, such as the ThinkVision Ml4t USB-C Mobile Monitor, ThinkStation P620 Workstation, ThinkPad T14 Gen 3 Laptop, and Legion 7 Gen 6 & 7 Gaming Laptop ("Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '798 Patent. Identification of the Accused Products will be provided in Plaintiff's infringement contentions disclosed pursuant to the Court's scheduling order.  Plaintiff's identification of the Accused Products is not intended to accuse products where the infringement accusations are directed at products that are licensed by the license between Intel Corporation and WiLAN.

38.     The Accused Products satisfy all claim limitations of one or more claims of the '798 Patent.  A claim chart comparing exemplary independent claim 19 of the '798 Patent to representative Accused Products is attached as Exhibit 9.

39.     On June 30, 2022, WiLAN sent Lenovo a letter indicating that certain Lenovo products infringe at least claim 19 of the '798 Patent and proposed times to discuss a potential license from UCT to practice the '798 Patent.  Ex. 4.  On July 11, 2022, Lenovo's licensing department confirmed receipt of the June 30 letter and indicated that it "would be happy to engage in discussions" with WiLAN regarding a potential license.  Ex. 5.  Thereafter, WiLAN and Lenovo exchanged various emails and held numerous calls to discuss the UCT patents (including substantive discussions regarding the alleged infringement and validity of the patents), including calls on July 26, 2022, November 1, 2022, November 8, 2022, November 29, 2022, December 20, 2022, January 24, 2023, January 31, 2023, February 14, 2023, and March 7, 2023.  After extensive discussions between the parties, Lenovo ultimately declined to take a license, or even hear UCT's offer for a license, on a call held on March 30, 2023.

40.     Lenovo knowingly and intentionally induces infringement of one or more claims of the '798 Patent in violation of 35 U.S.C. § 271(b).  As of at least July 11, 2022, Lenovo has knowledge of the '798 Patent and the infringing nature of the Accused Products.  Despite this knowledge of the '798 Patent, Lenovo continues to actively encourage and instruct its customers and end users (for example, through online instruction and other online publications cited in Exhibit 9) to use the Accused Products in ways that directly infringe the '798 Patent.  For example, Lenovo advertises that its products are compatible with USB.  *See, e.g.*, https://www.lenovo.com/us/en/p/desktops/thinkcentre/m-series-sff/thinkcentre-m75s-gen-2/11tc1mdm75s?orgRef=https%253A%252F%252Fwww.google.com%252F#tech_specs (ThinkCenter M75s Gen 2 Small Form Factor Desktop – Product Specification); https://www.lenovo.com/us/en/p/workstations/thinkstation-p-series/thinkstation-p620/wmd00000429?orgRef=https%253A%252F%252Fwww.google.com%252F&cid=us:sem|s e|google|subbrand_pc_thinkstation|commercial_premium_workstation_amd_generic|thinkstation%20p620%20tower%20workstation|b|20493766441|153601625180|aud-959187040766:kwd-1285462112330|search||commercialconsumer&gclid=CjwKCAjwyNSoBhA9EiwA5aYlb1cQap-ty8e-hnPQGpkrda-BU8_gs9BFYgpcbtbAm2P2inMd01D17hoCBL4QAvD_BwE (ThinkStation P620 Workstation – Product Specification).  Lenovo also instructs its customers and end users on how to use the Accused Products in an infringing manner, including through the use of USB.  *See, e.g.*, https://download.lenovo.com/pccbbs/thinkcentre_pdf/m75s_gen2_ug_en.pdf (ThinkCenter M75s Gen 2 Small Form Factor Desktop – User Manual); https://download.lenovo.com/pccbbs/thinkcentre_pdf/p620_ug_en.pdf (ThinkStation P620 Workstation – User Manual).  Lenovo provides these instructions and materials knowing and intending (or with willful blindness to the fact) that its customers and end users will commit these

infringing acts.  Lenovo also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '798 Patent, thereby specifically intending for and inducing its customers to infringe the '798 Patent through the customers' normal and customary use of the Accused Products.

41.     Lenovo has also infringed, and continues to infringe, one or more claims of the '798 Patent by selling, offering for sale, or importing into the United States, the Accused Products, knowing that the Accused Products constitute a material part of the inventions claimed in the '798 Patent, are especially made or adapted to infringe the '798 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use.  As of at least July 11, 2022, Lenovo has knowledge of the '798 Patent and the infringing nature of the Accused Products.  Lenovo has been, and currently is, contributorily infringing the '798 Patent in violation of 35 U.S.C. §§ 271(c) and/or (f).  For example, the identified hardware and/or software components in Lenovo's laptops, desktops, monitors, and docking stations that support USB 3.0 and later constitute a material part of the inventions claimed in the '798 Patent, are especially made or adapted to infringe the '798 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use, as demonstrated by the evidence in Exhibit 9.

42.     By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Lenovo has injured Plaintiff and is liable for infringement of the '798 Patent pursuant to 35 U.S.C. § 271.

43.     On information and belief, Plaintiff (including its predecessors and any licensees) complied with 35 U.S.C. § 287 during the relevant time period because Plaintiff, its predecessors, and any licensees did not make, offer for sale, or sell products that practice(d) the '798 Patent during the relevant time period or were not required to mark during the relevant time period.

44.     As described above, Lenovo obtained knowledge of the '798 Patent and that certain products infringe the '798 Patent as of at least July 11, 2022, but has not ceased its infringing activities.  Lenovo's infringement of the '798 Patent has been and continues to be willful and deliberate.  Lenovo also has knowledge of the '798 Patent by way of this complaint and, to the extent they do not cease their infringing activities, their infringement is and continues to be willful and deliberate.

45.     As a result of Lenovo's direct and indirect infringement of the '798 Patent, Plaintiff is entitled to monetary damages (past, present, and future) in an amount adequate to compensate for Lenovo's infringement, but in no event less than a reasonable royalty for the use made of the invention by Lenovo, together with interest and costs as fixed by the Court.

## COUNT IV

## INFRINGEMENT OF U.S. PATENT NO. 9,232,265

46.     Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

47.     Plaintiff owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 9,232,265, titled "Method, apparatus and system for transitioning an audio/video device between a source mode and a sink mode."  The '265 Patent was duly and legally issued by the United States Patent and Trademark Office on January 5, 2016.  A true and correct copy of the '265 Patent is attached as Exhibit 10.

48.     On information and belief, Lenovo has and continues to make, use, offer for sale, sell, and/or import certain products and services, including without limitation Lenovo products (laptops, desktops, and monitors) that support USB-C Revision 1.0 or later, such as the

ThinkVision M14t USB-C Mobile Monitor, ThinkCentre M75s Gen 2 Small Form Factor Desktop, and the Legion 7 Gen 6 & 7 Gaming Laptop ("Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '265 Patent.  Identification of the Accused Products will be provided in Plaintiff's infringement contentions disclosed pursuant to the Court's scheduling order.  Plaintiff's identification of the Accused Products is not intended to accuse products where the infringement accusations are directed at products that are licensed by the license between Intel Corporation and WiLAN.

49.     The Accused Products satisfy all claim limitations of one or more claims of the '265 Patent.  A claim chart comparing exemplary independent claim 8 of the '265 Patent to representative Accused Products is attached as Exhibit 11.

50.     On June 30, 2022, WiLAN sent Lenovo a letter indicating that certain Lenovo products infringe at least claim 8 of the '265 Patent and proposed times to discuss a potential license from UCT to practice the '265 Patent.  Ex. 4.  On July 11, 2022, Lenovo's licensing department confirmed receipt of the June 30 letter and indicated that it "would be happy to engage in discussions" with WiLAN regarding a potential license.  Ex. 5.  Thereafter, WiLAN and Lenovo exchanged various emails and held numerous calls to discuss the UCT patents (including substantive discussions regarding the alleged infringement and validity of the patents), including calls on July 26, 2022, November 1, 2022, November 8, 2022, November 29, 2022, December 20, 2022, January 24, 2023, January 31, 2023, February 14, 2023, and March 7, 2023.  After extensive discussions between the parties, Lenovo ultimately declined to take a license, or even hear UCT's offer for a license, on a call held on March 30, 2023.

51.     Lenovo knowingly and intentionally induces infringement of one or more claims of the '265 Patent in violation of 35 U.S.C. § 271(b).  As of at least July 11, 2022, Lenovo has

knowledge of the '265 Patent and the infringing nature of the Accused Products.  Despite this knowledge of the '265 Patent, Lenovo continues to actively encourage and instruct its customers and end users (for example, through online instruction and other online publications cited in Exhibit 11) to use the Accused Products in ways that directly infringe the '265 Patent.  For example, Lenovo advertises that its products are compatible with USB-C.  *See, e.g.*, https://www.lenovo.com/us/en/p/desktops/thinkcentre/m-series-sff/thinkcentre-m75s-gen-2/11tc1mdm75s?orgRef=https%253A%252F%252Fwww.google.com%252F#tech_specs (ThinkCenter M75s Gen 2 Small Form Factor Desktop – Product Specification); https://www.lenovo.com/us/en/p/laptops/legion-laptops/legion-7-series/legion-7-gen-6-(16-inch-amd)/len101g0011?orgRef=https%253A%252F%252Fwww.google.com%252F (Legion 7 Gen 6 Gaming Laptop – Product Specification).  Lenovo also instructs its customers and end users on how to use the Accused Products in an infringing manner, including through the use of USB-C.  *See, e.g.*,   https://download.lenovo.com/pccbbs/thinkcentre_pdf/m75s_gen2_ug_en.pdf (ThinkCenter M75s Gen 2 Small Form Factor Desktop – User Manual); https://download.lenovo.com/pccbbs/pubs/legion_7_16_6/html_en/index.html#t=EN%2Fcover.html (Legion 7 Gen 6 Gaming Laptop – User Manual).  Lenovo provides these instructions and materials knowing and intending (or with willful blindness to the fact) that its customers and end users will commit these infringing acts.  Lenovo also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '265 Patent, thereby specifically intending for and inducing its customers to infringe the '265 Patent through the customers' normal and customary use of the Accused Products.

52.     Lenovo has also infringed, and continues to infringe, one or more claims of the '265 Patent by selling, offering for sale, or importing into the United States, the Accused Products,

knowing that the Accused Products constitute a material part of the inventions claimed in the '265 Patent, are especially made or adapted to infringe the '265 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use.  As of at least July 11, 2022, Lenovo has knowledge of the '265 Patent and the infringing nature of the Accused Products.  Lenovo has been, and currently is, contributorily infringing the '265 Patent in violation of 35 U.S.C. §§ 271(c) and/or (f).  For example, the identified hardware and/or software components in Lenovo's laptops, desktops, and monitors that support USB-C Release 1.0 or later constitute a material part of the inventions claimed in the '265 Patent, are especially made or adapted to infringe the '265 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use, as demonstrated by the evidence in Exhibit 11.

53.     By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Lenovo has injured Plaintiff and is liable for infringement of the '265 Patent pursuant to 35 U.S.C. § 271.

54.     On information and belief, Plaintiff (including its predecessors and any licensees) complied with 35 U.S.C. § 287 during the relevant time period because Plaintiff, its predecessors, and any licensees did not make, offer for sale, or sell products that practice(d) the '265 Patent during the relevant time period or were not required to mark during the relevant time period.

55.     As described above, Lenovo obtained knowledge of the '265 Patent and that certain products infringe the '265 Patent as of at least July 11, 2022, but has not ceased its infringing activities.  Lenovo's infringement of the '265 Patent has been and continues to be willful and deliberate.  Lenovo also has knowledge of the '265 Patent by way of this complaint and, to the extent they do not cease their infringing activities, their infringement is and continues to be willful and deliberate.

56.     As a result of Lenovo's direct and indirect infringement of the '265 Patent, Plaintiff is entitled to monetary damages (past, present, and future) in an amount adequate to compensate for Lenovo's infringement, but in no event less than a reasonable royalty for the use made of the invention by Lenovo, together with interest and costs as fixed by the Court.

## COUNT V

## INFRINGEMENT OF U.S. PATENT NO. 8,680,712

57.     Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

58.     Plaintiff owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 8,680,712, titled "Power delivery over digital interaction interface for video and audio (DiiVA)." The '712 Patent was duly and legally issued by the United States Patent and Trademark Office on March 25, 2014. A true and correct copy of the '712 Patent is attached as Exhibit 12.

59.     On information and belief, Lenovo has and continues to make, use, offer for sale, sell, and/or import certain products and services, including without limitation Lenovo products (laptops, desktops, monitors, docking stations, and power adapters) that support USB-C Version 1.0 and later, such as the ThinkVision M14t USB-C Mobile Monitor, ThinkVision P27pz-30 Mini-LED Monitor, ThinkCentre M75s Gen 2 Small Form Factor Desktop, and Legion 7 Gen 6 & 7 Gaming Laptop ("Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '712 Patent. Identification of the Accused Products will be provided in Plaintiff's infringement contentions disclosed pursuant to the Court's scheduling order. Plaintiff's identification of the Accused Products is not intended to accuse products where

the infringement accusations are directed at products that are licensed by the license between Intel Corporation and WiLAN.

60.     The Accused Products satisfy all claim limitations of one or more claims of the '712 Patent.   A claim chart comparing exemplary independent claim 1 of the '712 Patent to representative Accused Products is attached as Exhibit 13.

61.     On June 30, 2022, WiLAN sent Lenovo a letter indicating that certain Lenovo products infringe at least claim 1 of the '712 Patent and proposed times to discuss a potential license from UCT to practice the '712 Patent.   Ex. 4.   On July 11, 2022, Lenovo's licensing department confirmed receipt of the June 30 letter and indicated that it "would be happy to engage in discussions" with WiLAN regarding a potential license.   Ex. 5.   Thereafter, WiLAN and Lenovo exchanged various emails and held numerous calls to discuss the UCT patents (including substantive discussions regarding the alleged infringement and validity of the patents), including calls on July 26, 2022, November 1, 2022, November 8, 2022, November 29, 2022, December 20, 2022, January 24, 2023, January 31, 2023, February 14, 2023, and March 7, 2023.   After extensive discussions between the parties, Lenovo ultimately declined to take a license, or even hear UCT's offer for a license, on a call held on March 30, 2023.

62.     Lenovo also knowingly and intentionally induces infringement of one or more claims of the '712 Patent in violation of 35 U.S.C. § 271(b).   As of at least July 11, 2022, Lenovo has knowledge of the '712 Patent and the infringing nature of the Accused Products.   Despite this knowledge of the '712 Patent, Lenovo continues to actively encourage and instruct its customers and end users (for example, through online instruction and other online publications cited in Exhibit 13) to use the Accused Products in ways that directly infringe the '712 Patent.   For example, Lenovo advertises that its products are compatible with USB-C.   *See, e.g.*,

https://www.lenovo.com/us/en/p/desktops/thinkcentre/m-series-sff/thinkcentre-m75s-gen-2/11tc1mdm75s?orgRef=https%253A%252F%252Fwww.google.com%252F#tech_specs
(ThinkCenter M75s Gen 2 Small Form Factor Desktop – Product Specification);
https://www.lenovo.com/us/en/p/laptops/legion-laptops/legion-7-series/legion-7-gen-6-(16-inch-amd)/len101g0011?orgRef=https%253A%252F%252Fwww.google.com%252F (Legion 7 Gen 6 Gaming Laptop – Product Specification). Lenovo also instructs its customers and end users on how to use the Accused Products in an infringing manner, including through the use of USB-C. *See, e.g.*, https://download.lenovo.com/pccbbs/thinkcentre_pdf/m75s_gen2_ug_en.pdf (ThinkCenter M75s Gen 2 Small Form Factor Desktop – User Manual); https://download.lenovo.com/pccbbs/pubs/legion_7_16_6/html_en/index.html#t=EN%2Fcover.html (Legion 7 Gen 6 Gaming Laptop – User Manual). Lenovo provides these instructions and materials knowing and intending (or with willful blindness to the fact) that its customers and end users will commit these infringing acts. Lenovo also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '712 Patent, thereby specifically intending for and inducing its customers to infringe the '712 Patent through the customers' normal and customary use of the Accused Products.

63.     Lenovo has also infringed, and continues to infringe, one or more claims of the '712 Patent by selling, offering for sale, or importing into the United States, the Accused Products, knowing that the Accused Products constitute a material part of the inventions claimed in the '712 Patent, are especially made or adapted to infringe the '712 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use. As of at least July 11, 2022, Lenovo has knowledge of the '712 Patent and the infringing nature of the Accused Products. Lenovo has been, and currently is, contributorily infringing the '712 Patent in violation of 35 U.S.C. §§ 271(c)

and/or (f).  For example, the identified hardware and/or software components in Lenovo's laptops, desktops, monitors, docking stations, and power adapters that support USB-C Release 1.0 and later constitute a material part of the inventions claimed in the '712 Patent, are especially made or adapted to infringe the '712 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use, as demonstrated by the evidence in Exhibit 13.

64.     By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Lenovo has injured Plaintiff and is liable for infringement of the '712 Patent pursuant to 35 U.S.C. § 271.

65.     On information and belief, Plaintiff (including its predecessors and any licensees) complied with 35 U.S.C. § 287 during the relevant time period because Plaintiff, its predecessors, and any licensees did not make, offer for sale, or sell products that practice(d) the '712 Patent during the relevant time period or were not required to mark during the relevant time period.

66.     As described above, Lenovo obtained knowledge of the '712 Patent and that certain products infringe the '712 Patent as of at least July 11, 2022, but has not ceased its infringing activities.  Lenovo's infringement of the '712 Patent has been and continues to be willful and deliberate.  Lenovo also has knowledge of the '712 Patent by way of this complaint and, to the extent they do not cease their infringing activities, their infringement is and continues to be willful and deliberate.

67.     As a result of Lenovo's direct and indirect infringement of the '712 Patent, Plaintiff is entitled to monetary damages (past, present, and future) in an amount adequate to compensate for Lenovo's infringement, but in no event less than a reasonable royalty for the use made of the invention by Lenovo, together with interest and costs as fixed by the Court.

## COUNT VI

## INFRINGEMENT OF U.S. PATENT NO. 7,856,520

68.     Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

69.     Plaintiff owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 7,856,520, titled "Control bus for connection of electronic devices."  The '520 Patent was duly and legally issued by the United States Patent and Trademark Office on December 21, 2010.  A true and correct copy of the '520 Patent is attached as Exhibit 14.

70.     On information and belief, Lenovo has and continues to make, use, offer for sale, sell, and/or import certain products and services, including without limitation Lenovo products (laptops, desktops, monitors, docking stations, and USB-C to DP/HDMI adapters) that support DisplayPort Alt Mode on USB Type-C Version 1.0 and later or HDMI Alt Mode for USB-C, such as the ThinkPad T16 Gen 2 (AMD) Laptop and Legion 7 Gen 7 Laptop ("Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '520 Patent.  Identification of the Accused Products will be provided in Plaintiff's infringement contentions disclosed pursuant to the Court's scheduling order.  Plaintiff's identification of the Accused Products is not intended to accuse products where the infringement accusations are directed at products that are licensed by the license between Intel Corporation and WiLAN.

71.     The Accused Products satisfy all claim limitations of one or more claims of the '520 Patent.  A claim chart comparing exemplary independent claim 12 of the '520 Patent to representative Accused Products is attached as Exhibit 15.

72.     Lenovo also knowingly and intentionally induces infringement of one or more claims of the '520 Patent in violation of 35 U.S.C. § 271(b).  As of at least the filing and service of this complaint, Lenovo has knowledge of the '520 Patent and the infringing nature of the Accused Products.  Despite this knowledge of the '520 Patent, Lenovo continues to actively encourage and instruct its customers and end users (for example, through online instruction and other online publications cited in Exhibit 15) to use the Accused Products in ways that directly infringe the '520 Patent.  For example, Lenovo advertises that its products provide DisplayPort Alternative Mode connections over USB-C.  *See, e.g.,* https://most.lenovo.com/api/v2/library/pdf/device2pager/Device_ThinkPad_T16_Gen_2_AMD?locale=en (ThinkPad T16 Gen 2 (AMD) – Product Specification). Lenovo also instructs its customers and end users on how to use the Accused Products in an infringing manner, including through the use of DisplayPort Alternative Mode.  *See, e.g.,* https://download.lenovo.com/pccbbs/mobiles_pdf/t14_gen4_p14s_gen4_t16_gen2_p16s_gen2_linux_ug.pdf (ThinkPad T16 Gen 2 (AMD) – User Manual).  Lenovo provides these instructions and materials knowing and intending (or with willful blindness to the fact) that its customers and end users will commit these infringing acts.  Lenovo also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '520 Patent, thereby specifically intending for and inducing its customers to infringe the '520 Patent through the customers' normal and customary use of the Accused Products.

73.     Lenovo has also infringed, and continues to infringe, one or more claims of the '520 Patent by selling, offering for sale, or importing into the United States, the Accused Products, knowing that the Accused Products constitute a material part of the inventions claimed in the '520 Patent, are especially made or adapted to infringe the '520 Patent, and are not staple articles or

commodities of commerce suitable for non-infringing use.  As of at least the filing and service of this complaint, Lenovo has knowledge of the '520 Patent and the infringing nature of the Accused Products.  Lenovo has been, and currently is, contributorily infringing the '520 Patent in violation of 35 U.S.C. §§ 271(c) and/or (f).  For example, the identified hardware and/or software components in Lenovo's laptops, desktops, docking stations, USB-C to DP/HDMI adapters, and monitors that support DisplayPort Alt Mode on USB Type-C Version 1.0 and later constitute a material part of the inventions claimed in the '520 Patent, are especially made or adapted to infringe the '520 Patent and are not staple articles or commodities of commerce suitable for non-infringing use, as demonstrated by the evidence in Exhibit 15.

74.     By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Lenovo has injured Plaintiff and is liable for infringement of the '520 Patent pursuant to 35 U.S.C. § 271.

75.     On information and belief, Plaintiff (including its predecessors and any licensees) complied with 35 U.S.C. § 287 during the relevant time period because Plaintiff, its predecessors, and any licensees did not make, offer for sale, or sell products that practice(d) the '520 Patent during the relevant time period or were not required to mark during the relevant time period.

76.     As a result of Lenovo's direct infringement of the '520 Patent, Plaintiff is entitled to monetary damages (past, present, and future) in an amount adequate to compensate for Lenovo's infringement, but in no event less than a reasonable royalty for the use made of the invention by Lenovo, together with interest and costs as fixed by the Court.

77.     As a result of Lenovo's indirect infringement of the '520 Patent, Plaintiff is entitled to monetary damages (present and future) in an amount adequate to compensate for Lenovo's infringement, but in no event less than a reasonable royalty for the use made of the invention by

Lenovo, together with interest and costs as fixed by the Court, accruing as of the time Lenovo obtained knowledge of the '520 Patent.

## COUNT VII

## INFRINGEMENT OF U.S. PATENT NO. 7,921,231

78.     Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

79.     Plaintiff owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 7,921,231, titled "Discovery of electronic devices utilizing a control bus."  The '231 Patent was duly and legally issued by the United States Patent and Trademark Office on April 5, 2011.  A true and correct copy of the '231 Patent is attached as Exhibit 16.

80.     On information and belief, Lenovo has and continues to make, use, offer for sale, sell, and/or import certain products and services, including without limitation Lenovo products (laptops, desktops, and monitors) that support DisplayPort Alt Mode on USB Type-C Version 1.0 and later, such as the ThinkPad T16 Gen 2 (AMD) Laptop,  Legion 7 Gen 7 Laptop, and Qreator 27in Monitor ("Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '231 Patent.  Identification of the Accused Products will be provided in Plaintiff's infringement contentions disclosed pursuant to the Court's scheduling order.  Plaintiff's identification of the Accused Products is not intended to accuse products where the infringement accusations are directed at products that are licensed by the license between Intel Corporation and WiLAN.

81.     The Accused Products satisfy all claim limitations of one or more claims of the '231 Patent.   A claim chart comparing exemplary independent claim 10 of the '231 Patent to representative Accused Products is attached as Exhibit 17.

82.     Lenovo also knowingly and intentionally induces infringement of one or more claims of the '231 Patent in violation of 35 U.S.C. § 271(b).   As of at least the filing and service of this complaint, Lenovo has knowledge of the '231 Patent and the infringing nature of the Accused Products.   Despite this knowledge of the '231 Patent, Lenovo continues to actively encourage and instruct its customers and end users (for example, through online instruction and other online publications cited in Exhibit 17) to use the Accused Products in ways that directly infringe the '231 Patent.   For example, Lenovo advertises that its products provide DisplayPort Alternative Mode connections over USB-C.   *See, e.g.*, https://most.lenovo.com/api/v2/library/pdf/device2pager/Device_ThinkPad_T16_Gen_2_AMD?locale=en (ThinkPad T16 Gen 2 (AMD) – Product Specification). Lenovo also instructs its customers and end users on how to use the Accused Products in an infringing manner, including through the use of DisplayPort Alternative Mode.   *See, e.g.*, https://download.lenovo.com/pccbbs/mobiles_pdf/t14_gen4_p14s_gen4_t16_gen2_p16s_gen2_linux_ug.pdf (ThinkPad T16 Gen 2 (AMD) – User Manual).   Lenovo provides these instructions and materials knowing and intending (or with willful blindness to the fact) that its customers and end users will commit these infringing acts.   Lenovo also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '231 Patent, thereby specifically intending for and inducing its customers to infringe the '231 Patent through the customers' normal and customary use of the Accused Products.

83.     Lenovo has also infringed, and continues to infringe, one or more claims of the '231 Patent by selling, offering for sale, or importing into the United States, the Accused Products, knowing that the Accused Products constitute a material part of the inventions claimed in the '231 Patent, are especially made or adapted to infringe the '231 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use.  As of at least the filing and service of this complaint, Lenovo has knowledge of the '231 Patent and the infringing nature of the Accused Products.  Lenovo has been, and currently is, contributorily infringing the '231 Patent in violation of 35 U.S.C. §§ 271(c) and/or (f).  For example, the identified hardware and/or software components in Lenovo's laptops, desktops, and monitors that support DisplayPort Alt Mode on USB Type-C Version 1.0 and later constitute a material part of the inventions claimed in the '231 Patent, are especially made or adapted to infringe the '231 Patent and are not staple articles or commodities of commerce suitable for non-infringing use, as demonstrated by the evidence in Exhibit 17.

84.     By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Lenovo has injured Plaintiff and is liable for infringement of the '231 Patent pursuant to 35 U.S.C. § 271.

85.     On information and belief, Plaintiff (including its predecessors and any licensees) complied with 35 U.S.C. § 287 during the relevant time period because Plaintiff, its predecessors, and any licensees did not make, offer for sale, or sell products that practice(d) the '231 Patent during the relevant time period or were not required to mark during the relevant time period.

86.     As a result of Lenovo's direct infringement of the '231 Patent, Plaintiff is entitled to monetary damages (past, present, and future) in an amount adequate to compensate for Lenovo's

infringement, but in no event less than a reasonable royalty for the use made of the invention by Lenovo, together with interest and costs as fixed by the Court.

87.     As a result of Lenovo's indirect infringement of the '231 Patent, Plaintiff is entitled to monetary damages (present and future) in an amount adequate to compensate for Lenovo's infringement, but in no event less than a reasonable royalty for the use made of the invention by Lenovo, together with interest and costs as fixed by the Court, accruing as of the time Lenovo obtained knowledge of the '231 Patent.

## COUNT VIII

## INFRINGEMENT OF U.S. PATENT NO. 9,852,103

88.     Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

89.     Plaintiff owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 9,852,103, titled "Bidirectional transmission of USB data using audio/video data channel."  The '103 Patent was duly and legally issued by the United States Patent and Trademark Office on December 26, 2017. A true and correct copy of the '103 Patent is attached as Exhibit 18.

90.     On information and belief, Lenovo has and continues to make, use, offer for sale, sell, and/or import certain products and services, including without limitation Lenovo products (laptops, desktops, monitors, and docking stations) that support USB 4 Version 1.0 and later, such as the ThinkPad T16 Gen 2 & 3 (AMD) Laptop**,** ThinkPad Z13**,** Lenovo Legion 7 Gen 7 AMD Laptop**,** and ThinkVision P27pz-30 Mini-LED Monitor ("Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '103 Patent. Identification of the Accused Products will be provided in Plaintiff's infringement contentions

disclosed pursuant to the Court's scheduling order.  Plaintiff's identification of the Accused Products is not intended to accuse products where the infringement accusations are directed at products that are licensed by the license between Intel Corporation and WiLAN.

91.     The Accused Products satisfy all claim limitations of one or more claims of the '103 Patent.  A claim chart comparing exemplary independent claim 21 of the '103 Patent to representative Accused Products is attached as Exhibit 19.

92.     Lenovo also knowingly and intentionally induces infringement of one or more claims of the '103 Patent in violation of 35 U.S.C. § 271(b).  As of at least the filing and service of this complaint, Lenovo has knowledge of the '103 Patent and the infringing nature of the Accused Products.  Despite this knowledge of the '103 Patent, Lenovo continues to actively encourage and instruct its customers and end users (for example, through online instruction and other online publications cited in Exhibit 19) to use the Accused Products in ways that directly infringe the '103 Patent.  For example, Lenovo advertises that its products are compatible with USB.                         *See,*                         *e.g.*, https://most.lenovo.com/api/v2/library/pdf/device2pager/Device_ThinkPad_T16_Gen_2_AMD?locale=en (ThinkPad T16 Gen 2 (AMD) – Product Specification).  Lenovo also instructs its customers and end users on how to use the Accused Products in an infringing manner, including through        the        use        of        USB.        *See,*        *e.g.*, https://download.lenovo.com/pccbbs/mobiles_pdf/t14_gen4_p14s_gen4_t16_gen2_p16s_gen2_linux_ug.pdf (ThinkPad T16 Gen 2 (AMD) – User Manual).  Lenovo provides these instructions and materials knowing and intending (or with willful blindness to the fact) that its customers and end users will commit these infringing acts.  Lenovo also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '103 Patent, thereby

specifically intending for and inducing its customers to infringe the '103 Patent through the customers' normal and customary use of the Accused Products.

93.     Lenovo has also infringed, and continues to infringe, one or more claims of the '103 Patent by selling, offering for sale, or importing into the United States, the Accused Products, knowing that the Accused Products constitute a material part of the inventions claimed in the '103 Patent, are especially made or adapted to infringe the '103 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use.  As of at least the filing and service of this complaint, Lenovo has knowledge of the '103 Patent and the infringing nature of the Accused Products.  Lenovo has been, and currently is, contributorily infringing the '103 Patent in violation of 35 U.S.C. §§ 271(c) and/or (f).   For example, the identified hardware and/or software components in Lenovo's laptops, desktops, monitors, and docking stations that support USB 4 Version 1.0 and later constitute a material part of the inventions claimed in the '103 Patent, are especially made or adapted to infringe the '103 Patent and are not staple articles or commodities of commerce suitable for non-infringing use, as demonstrated by the evidence in Exhibit 19.

94.     By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Lenovo has injured Plaintiff and is liable for infringement of the '103 Patent pursuant to 35 U.S.C. § 271.

95.     On information and belief, Plaintiff (including its predecessors and any licensees) complied with 35 U.S.C. § 287 during the relevant time period because Plaintiff, its predecessors, and any licensees did not make, offer for sale, or sell products that practice(d) the '103 Patent during the relevant time period or were not required to mark during the relevant time period.

96.     As a result of Lenovo's direct infringement of the '103 Patent, Plaintiff is entitled to monetary damages (past, present, and future) in an amount adequate to compensate for Lenovo's

infringement, but in no event less than a reasonable royalty for the use made of the invention by Lenovo, together with interest and costs as fixed by the Court.

97.     As a result of Lenovo's indirect infringement of the '103 Patent, Plaintiff is entitled to monetary damages (present and future) in an amount adequate to compensate for Lenovo's infringement, but in no event less than a reasonable royalty for the use made of the invention by Lenovo, together with interest and costs as fixed by the Court, accruing as of the time Lenovo obtained knowledge of the '103 Patent.

## COUNT IX

### DECLARATORY JUDGMENT THAT PLAINTIFF HAS NEGOTIATED IN GOOD FAITH TOWARD A LICENSE WITH LENOVO, HAS NOT VIOLATED THE VESA OR USB-IF IPR POLICIES, AND HAS NOT VIOLATED COMPETITION LAW

98.     Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

99.     Plaintiff's '905, '307, '798, '265, '712, '520, '231, and '103 Patents were previously assigned to Lattice Semiconductor Corporation ("Lattice"), which is a member of the Video Electronics Standards Association ("VESA") and the USB Implementers Forum, Inc. ("USB-IF").  Lattice was required to comply with the VESA and USB-IF IPR policies to the extent the '905, '307, '798, '265, '712, '520, '231, and '103 Patents contain Necessary Claims as defined in the VESA and USB-IF IPR policies.

100.    Plaintiff has fully performed its obligations under the VESA and USB-IF IPR policies, to the extent they apply to Plaintiff's '905, '307, '798, '265, '712, '520, '231, and '103 Patents, but Lenovo disagrees and has refused to license these patents, even refusing to entertain an offer from Plaintiff.  Plaintiff has at all times been prepared to grant Lenovo a license to the '905, '307, '798, '265, '712, '520, '231, and '103 Patents.  There is a dispute between Plaintiff

and Lenovo concerning whether Plaintiff has negotiated in good faith towards a license to Plaintiff's '905, '307, '798, '265, '712, '520, '231, and '103 Patents, and whether Plaintiff or its predecessors-in-interest have complied with the VESA and USB-IF IPR policies.  There is a case or controversy of sufficient immediacy, reality, and ripeness to warrant the issuance of declaratory judgment.

101.    Plaintiff requests a declaratory judgment that its negotiations toward a license with Lenovo were conducted in good faith, are not in violation of the VESA or USB-IF IPR policies, and are consistent with competition law requirements.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter:

a.      A judgment in favor of Plaintiff that Lenovo has infringed, either literally and/or under the doctrine of equivalents, the '905, '307, '798, '265, '712, '520, '231, and '103 Patents;

b.      A judgment and order requiring Lenovo to pay Plaintiff its damages (past, present, and future), costs, expenses, and pre-judgment and post-judgment interest for Lenovo's infringement of the '905, '307, '798, '265, '712, '520, '231, and '103 Patents;

c.      A judgment that Lenovo's infringement of the '905, '307, '798, '265, and '712 Patents has been willful and order requiring Lenovo to pay treble damages for willful infringement;

d.      A judgment and order requiring Lenovo to pay Plaintiff compulsory ongoing licensing fees, as determined by the Court;

e.      A judgment and order requiring Lenovo to provide an accounting and to pay supplemental damages to Plaintiff, including without limitation, pre-judgment and post-judgment interest and compensation for infringing products released after the filing of this case that are not colorably different from the Accused Products;

f.    A declaration that Plaintiff has negotiated in good faith with Lenovo towards a license for the '905, '307, '798, '265, '712, '520, '231, and '103 Patents, has not violated the VESA or USB-IF IPR policies, and has not violated competition law.

g.    A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees against Lenovo; and

h.    Any and all other relief as the Court may deem appropriate and just under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated:  September 28, 2023                    Respectfully submitted,

*/s/ Brett Cooper*

Brett E. Cooper (NY SBN 4011011)
bcooper@bc-lawgroup.com
Seth Hasenour (TX SBN 24059910)
shasenour@bc-lawgroup.com
Jonathan Yim (TX SBN 24066317)
jyim@bc-lawgroup.com
Drew B. Hollander (NY SBN 5378096)
dhollander@bc-lawgroup.com

BC LAW GROUP, P.C.
200 Madison Avenue, 24th Floor
New York, NY 10016
Phone: 212-951-0100

***Attorneys for Plaintiff Universal Connectivity Technologies Inc.***