# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | |
|---|---|
| UNIVERSAL CONNECTIVITY TECHNOLOGIES INC., <br><br> Plaintiff, <br><br> v. <br><br> LENOVO GROUP LIMITED, <br><br> Defendant. | Case No. 2:23-cv-00449-JRG |

## DECLARATION OF STEPHEN MARSHALL

I, Stephen Marshall, declare as follows:

1. I am an attorney and Partner at Willkie Farr & Gallagher LLP, and have appeared on behalf of Defendant Lenovo Group Limited ("LGL") in this action. I have personal knowledge of all facts stated in this declaration and if called as a witness, could and would competently testify to these facts.

2. On August 1, 2024, counsel for LGL had a meet-and-confer with counsel for Plaintiff Universal Connectivity Technologies Inc. ("UCT") regarding LGL's interrogatory responses and P.R. 3-4 document production.

3. During the meet-and-confer, counsel for UCT focused the conversation on LGL's responses to interrogatories 1–5 and the P.R. 3-4 document production.

4. When asked whether they also wished to discuss LGL's responses to interrogatories 6–10, UCT's counsel declined to do so.

5. As the conversation turned to the substance of the parties' positions, it was reiterated that LGL's position, consistent with that taken in LGL's Motion to Dismiss (Dkt. No. 18), is that LGL does not exercise control over its subsidiaries, and therefore, any documents or information held by LGL's subsidiaries are not in the possession, custody, or control of LGL.

6. It was further stated that LGL believes the most efficient way for UCT to obtain the information it seeks would be to serve a subpoena on Lenovo (United States) Inc. ("Lenovo US"), which is likely to be in possession of much of that information.

7. During both the August 1 meet-and-confer, and in the subsequent lead-local meet-and-confer held on August 5, 2024, UCT quickly dismissed the possibility of seeking information from Lenovo US via subpoena.

8. In light of UCT's refusal to seek information from Lenovo US via subpoena, LGL expressly asked Lenovo US if it would produce the requested documents and information. Lenovo US's in-house legal team denied LGL's request.

9. Furthermore, during neither meet-and-confer, LGL did not, as UCT asserts in its motion (Dkt. No. 34 at 3), represent that it would not "provide the technical documents or provide fulsome answers to UCT's interrogatories" unless the Court denied LGL's motion to dismiss and found that LGL maintains control over its U.S.-based subsidiaries."

10. Instead, it was explained to UCT's counsel, during both meet-and-confers, that LGL's position in the present discovery dispute mirrors its position in the briefing on LGL's motion to dismiss: that LGL does not exercise control over its subsidiaries and, therefore, documents in the possession of LGL's subsidiaries are not in the possession, custody, or control of LGL. LGL acknowledged, however, that if the Court were to deny LGL's motion to dismiss on the basis that LGL exercises control over its subsidiaries, it would be difficult for LGL to

maintain that same position during discovery.

      I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

      Executed in Washington, D.C., on this 27th day of August 2024.

*/s/ Stephen Marshall*
Stephen Marshall
