IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| UNIVERSAL CONNECTIVITY TECHNOLOGIES INC., | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | CIVIL ACTION NO. 2:23-CV-00449-JRG |
| LENOVO GROUP LIMITED, | § § § | |
| *Defendant.* | § § § | |

### ORDER

Before the Court is the Motion to Compel Discovery from Defendant Lenovo Group Limited (the "Motion to Compel") filed by Plaintiff Universal Connectivity Technologies Inc. ("UCT"). (Dkt. No. 34.) Having considered the Motion to Compel and Defendant Lenovo Group Limited's ("LGL") response thereto (Dkt. No. 39), the Court finds that the Motion to Compel should be **GRANTED**. Plaintiff's Unopposed Motion for Oral Hearing regarding the Motion to Compel (Dkt. No. 40) is **DENIED AS MOOT**.

I.   **BACKGROUND**

On May 17, 2024, LGL filed a Motion to Dismiss for lack of personal jurisdiction (the "Motion to Dismiss"). (Dkt. No. 18.) In the Motion to Dismiss, LGL alleges that it is a holding company that does not make, use, offer for sale, or sell any products in the United States. (*Id.* at 7-9.) UCT countered that LGL is subject to the Court's personal jurisdiction under the stream of commerce theory based on LGL's wholly owned U.S. subsidiaries. (Dkt. No. 23 at 5-6.)

On August 6, 2024, UCT filed the Motion to Compel, asserting that LGL refuses to produce documents and information because the requested documents and information are not in LGL's possession, custody, or control. (Dkt. No. 34 at 1.) UCT alleges that LGL maintains that the

requested information is in the possession of its subsidiaries, specifically Lenovo (United States) Inc. ("Lenovo US"). (*Id.* at 3.) UCT asserts that LGL told UCT it must subpoena Lenovo US for the requested documents and information. (*Id.* at 3-4.) UCT argues that LGL should provide documents and information from its wholly owned subsidiaries because LGL has access to the requested documents and information based on LGL's "100% ownership interest in Lenovo US." (*Id.* at 6.)

In response, LGL asserts that it is not in possession, custody, or control of the documents and information UCT requests. (Dkt. No. 39 at 5-7.) LGL contends that the documents and information sought are in the possession of Lenovo US and that UCT must subpoena Lenovo US. (*Id.* at 6-7.) LGL claims that it requested the information from Lenovo US but Lenovo US declined to provide the requested documents and information. (*Id.* at 2.) LGL contends that it has provided everything in its possession, custody, and control and that "it is no surprise to UCT that much of this information is in the possession of LGL's U.S.-based subsidiaries and those subsidiaries' third-party suppliers." (*Id.*)

II.  DISCUSSION

LGL's pending Motion to Dismiss does not excuse LGL from complying with its discovery obligations. Local Rule CV-26(a) ("[A] party is not excused from responding to discovery because there are pending motions to dismiss . . . ."). Further, the Court finds that LGL is in control of documents and information held by its wholly owned subsidiaries, including Lenovo US. A parent corporation generally has control over documents and information in its subsidiaries' possession, custody, or control. *E.g.*, *Polaris Innovations Ltd. v. Broadcom, Inc.*, No. 2:22-CV-00347-JRG, 2023 WL 2542598, at *2 (E.D. Tex. Mar. 15, 2023) (compelling the production of documents and information in the defendant's and any of its subsidiaries' possession, custody, or control); *ACQIS LLC v. ASUSTeK Comput. Inc.*, No. 6:20-cv-00966, Dkt. No. 75 (W.D. Tex. Apr. 12, 2022)

(compelling the defendant to "produce all non-privileged, responsive documents in the possession of ACI (and other subsidiaries with relevant information, if any)" and furnish information from its subsidiaries in answering the plaintiff's interrogatories); *ACQIS LLC v. Lenovo Grp. Ltd. et al.*, No. 6:20-cv-00967, Dkt. No. 166 (W.D. Tex. May 26, 2022) (compelling the defendants to produce information from non-party Lenovo (United States)); *LaserDynamics, Inc. v. Asus Comput. Int'l et al.*, 2009 WL 153191, *3 (E.D. Tex. Jan. 21, 2009) ("To the extent that such information resides with an Asustek subsidiary or affiliated company, the court orders it to be produced, and finds that such information is within the control of Asustek."); *Japan Display Inc. f/k/a Hitachi Elec. Devices (USA), Inc. et al. v. Tianma Microelectronics Co., Ltd.*, No. 2:20-cv-00283-JRG, Dkt. No. 95 at 2 (E.D. Tex. July 13, 2021) (compelling the production of documents in the possession of one of the defendant's subsidiaries); *see also Texas v. Ysleta del Sur Pueblo*, 2018 WL 2348669, at *3 (W.D. Tex. May 23, 2018) (compelling the production of documents in the possession, custody, or control of its subsidiary). LGL must provide the requested documents and information that is in LGL's and/or its wholly owned subsidiaries possession, custody, or control. This includes making the required document production and providing substantive and meaningful responses to UCT's interrogatories. LGL's claim that it must subpoena documents from its own wholly owned subsidiary is unpersuasive--to say the least.

### III. CONCLUSION

For the reasons stated herein, the Court **GRANTS** UCT's Motion to Compel (Dkt. No. 34). Accordingly, LGL shall produce all non-privileged documents responsive to the Court's Local Rules and the Docket Control Order in LGL's and/or any of its subsidiaries' possession, custody, or control within ten (10) days of this Order. Within the next ten (10) days, LGL shall also respond to UCT's interrogatory requests based on information within the possession, custody, or control of LGL and/or any of its subsidiaries.

Considering the above ruling, Plaintiff's Unopposed Motion for Oral Hearing regarding the Motion to Compel (Dkt. No. 40) is **DENIED AS MOOT**.

**So ORDERED and SIGNED this 1st day of October, 2024.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE

4