## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| UNIVERSAL CONNECTIVITY TECHNOLOGIES INC., <br><br> Plaintiff, <br><br> v. <br><br> LENOVO GROUP LIMITED, <br><br> Defendant. | Case No. 2:23-cv-00449-JRG |

## DEFENDANT LENOVO GROUP LIMITED'S
## ANSWER AND DEFENSES TO COMPLAINT FOR PATENT INFRINGEMENT

Defendant Lenovo Group Limited ("LGL"), by and through its undersigned counsel, hereby submits the following Answer and Defenses in response to Plaintiff Universal Connectivity Technologies Inc.'s ("UCT" or "Plaintiff") Complaint for Patent Infringement. Each of the paragraphs below corresponds to the same numbered paragraph in the Complaint. In responding to the Complaint, LGL has kept Plaintiff's headings for ease of reference, but in doing so, LGL is not admitting to the accuracy of any statements made or agreeing with any characterizations made in such headings. LGL denies all allegations in the Complaint, whether express or implied, that are not specifically admitted below. LGL further denies that Plaintiff is entitled to the relief requested in the Complaint, or to any other relief.

## INTRODUCTION

1.     LGL admits that the Complaint purports to set forth a cause of action for patent infringement. LGL otherwise denies the allegations contained in this paragraph.

## PARTIES

2.      On information and belief, Plaintiff is a Delaware corporation, with its principal place of business at 1891 Robertson Road, Suite 100, Ottawa, ON K2H 5B7, Canada. On information and belief, Plaintiff is a wholly-owned subsidiary of Wi-LAN Technologies Inc., which is a wholly-owned subsidiary of Wi-LAN Inc. ("WiLAN") and is a Canadian corporation with a principal place of business at 1891 Robertson Road, Suite 100, Ottawa, ON K2H 5B7. LGL otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and on that basis denies the same.

3.      LGL admits that it is a foreign corporation, that has a principal place of business at Lincoln House, 23rd Floor, Taikoo Place, 979 King's Road, Quarry Bay, Hong Kong, S.A.R. LGL otherwise denies the allegations contained in this paragraph.

4.      LGL denies the allegations of this paragraph.

5.      LGL denies the allegations of this paragraph.

6.      LGL admits that Lenovo (United States) Inc. is a Delaware corporation with its principal place of business at 8001 Development Drive, Morrisville, North Carolina 27560. LGL admits that Lenovo (United States) Inc. is registered to do business in the State of Texas. LGL admits that CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas, is a registered agent of Lenovo (United States) Inc. LGL otherwise denies the allegations contained in this paragraph.

7.      LGL admits that Lenovo Global Technology (United States) Inc. is a Delaware corporation with its principal place of business at 8001 Development Drive, Morrisville, North Carolina 27560. LGL admits that Lenovo Global Technology (United States) Inc. is registered to do business in the State of Texas. LGL admits that CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas, is a registered agent of Lenovo Global Technology (United States) Inc. LGL otherwise denies the allegations contained in this paragraph.

8.      The Lenovo Group Limited 2022/23 Annual Report, attached as Exhibit 1 to the Complaint, speaks for itself. LGL otherwise denies the allegations contained in this paragraph.

9.      LGL denies the allegations of this paragraph.

## JURISDICTION AND VENUE

10.      LGL admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). LGL admits that actions for alleged patent infringement arise under the Patent Laws of the United States, 35 U.S.C. §§ 101, *et seq*., including 35 U.S.C. § 271. To the extent that this paragraph can be read to allege that LGL infringes any asserted patent, LGL denies any such allegation. LGL otherwise denies the allegations contained in this paragraph.

11.      LGL denies the allegations of this paragraph.

12.      LGL admits that it is a foreign corporation. LGL otherwise denies the allegations contained in this paragraph.

## COUNT I
## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 7,154,905

13.      This paragraph does not contain factual allegations that require a response from LGL. To the extent that this paragraph is deemed to require a response from LGL, LGL incorporates by reference its responses to the foregoing paragraphs as if fully set forth herein.

14.      LGL admits that U.S. Patent No. 7,154,905, on its face, is entitled "METHOD AND SYSTEM FOR NESTING OF COMMUNICATIONS PACKETS," and lists an issue date of December 26, 2006. LGL admits that a purported copy of U.S. Patent No. 7,154,905 was attached to the Complaint as Exhibit 2. LGL otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and on that basis denies the same.

15.      LGL denies the allegations of this paragraph.

16.     LGL admits that a chart purportedly comparing independent claim 21 of U.S. Patent No. 7,154,905 to one or more Accused Products was attached to the Complaint as Exhibit 3. LGL otherwise denies the allegations of this paragraph.

17.     LGL admits that Wi-Lan, Inc. sent a letter to LGL, a purported copy of which is attached as Exhibit 4 to the Complaint and speaks for itself. LGL admits that licensing@lenovo.com sent email correspondence to nwilson@wilan.com on July 11, 2022, a purported copy of which is attached as Exhibit 5 to the Complaint and speaks for itself, and that discussions with representations of Wi-Lan, Inc. subsequently took place. LGL otherwise denies the allegations contained in this paragraph.

18.     LGL denies the allegations of this paragraph.

19.     LGL denies the allegations of this paragraph.

20.     LGL denies the allegations of this paragraph.

21.     The allegations of this paragraph contain legal conclusions, to which no response is required.  Moreover, LGL lacks sufficient knowledge or information to form a belief as to the truth of the factual allegations of this paragraph and on that basis denies the same.

22.     LGL admits that it has knowledge of U.S. Patent No. 7,154,905 by way of Plaintiff's Complaint. LGL otherwise denies the allegations of this paragraph.

23.     LGL denies the allegations of this paragraph.

## COUNT II
## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 7,187,307

24.     This paragraph does not contain factual allegations that require a response from LGL. To the extent that this paragraph is deemed to require a response from LGL, LGL incorporates by reference its responses to the foregoing paragraphs as if fully set forth herein.

25.     LGL admits that U.S. Patent No. 7,187,307, on its face, is entitled "METHOD AND SYSTEM FOR ENCAPSULATION OF MULTIPLE LEVELS OF COMMUNICATION PROTOCOL FUNCTIONALITY WITHIN LINES OF CODE" and lists an issue date of March 6, 2007. LGL admits that a purported copy of U.S. Patent No. 7,187,307 was attached to the Complaint as Exhibit 6. LGL otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and on that basis denies the same.

26.     LGL denies the allegations of this paragraph.

27.     LGL admits that a chart purportedly comparing independent claim 68 of U.S. Patent No. 7,187,307 to one or more Accused Products was attached to the Complaint as Exhibit 7. LGL otherwise denies the allegations of this paragraph.

28.     LGL admits that Wi-Lan, Inc. sent a letter to LGL, a purported copy of which is attached as Exhibit 4 to the Complaint and speaks for itself. LGL admits that licensing@lenovo.com sent email correspondence to nwilson@wilan.com on July 11, 2022, a purported copy of which is attached as Exhibit 5 to the Complaint and speaks for itself, and that discussions with representations of Wi-Lan, Inc. subsequently took place.  LGL otherwise denies the allegations contained in this paragraph.

29.     LGL denies the allegations of this paragraph.

30.     LGL denies the allegations of this paragraph.

31.     LGL denies the allegations of this paragraph.

32.     The allegations of this paragraph contain legal conclusions, to which no response is required.  Moreover, LGL lacks sufficient knowledge or information to form a belief as to the truth of the factual allegations of this paragraph and on that basis denies the same.

33.     LGL admits that it has knowledge of U.S. Patent No. 7,187,307 by way of Plaintiff's Complaint. LGL otherwise denies the allegations of this paragraph.

34.     LGL denies the allegations of this paragraph.

## COUNT III
## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 7,746,798

35.     This paragraph does not contain factual allegations that require a response from LGL. To the extent that this paragraph is deemed to require a response from LGL, LGL incorporates by reference its responses to the foregoing paragraphs as if fully set forth herein.

36.     LGL admits that U.S. Patent No. 7,746,798, on its face, is entitled "METHOD AND SYSTEM FOR INTEGRATING PACKET TYPE INFORMATION WITH SYNCHRONIZATION SYMBOLS" and lists an issue date of June 29, 2010. LGL admits that a purported copy of U.S. Patent No. 7,746,798 was attached to the Complaint as Exhibit 8. LGL otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and on that basis denies the same.

37.     LGL denies the allegations of this paragraph.

38.     LGL admits that a chart purportedly comparing independent claim 19 of U.S. Patent No. 7,746,798 to one or more Accused Products was attached to the Complaint as Exhibit 9. LGL otherwise denies the allegations of this paragraph.

39.     LGL admits that Wi-Lan, Inc. sent a letter to LGL, a purported copy of which is attached as Exhibit 4 to the Complaint and speaks for itself. LGL admits that licensing@lenovo.com sent email correspondence to nwilson@wilan.com on July 11, 2022, a purported copy of which is attached as Exhibit 5 to the Complaint and speaks for itself, and that discussions with representations of Wi-Lan, Inc. subsequently took place.  LGL otherwise denies the allegations contained in this paragraph.

6

40.     LGL denies the allegations of this paragraph.

41.     LGL denies the allegations of this paragraph.

42.     LGL denies the allegations of this paragraph.

43.     The allegations of this paragraph contain legal conclusions, to which no response is required.  Moreover, LGL lacks sufficient knowledge or information to form a belief as to the truth of the factual allegations of this paragraph and on that basis denies the same.

44.     LGL admits that it has knowledge of U.S. Patent No. 7,746,798 by way of Plaintiff's Complaint. LGL otherwise denies the allegations of this paragraph.

45.     LGL denies the allegations of this paragraph.

**COUNT IV**
**ALLEGED INFRINGEMENT OF U.S. PATENT NO. 9,232,265**

46.     This paragraph does not contain factual allegations that require a response from LGL. To the extent that this paragraph is deemed to require a response from LGL, LGL incorporates by reference its responses to the foregoing paragraphs as if fully set forth herein.

47.     LGL admits that U.S. Patent No. 9,232,265, on its face, is entitled "METHOD, APPARATUS AND SYSTEM FOR TRANSITIONING AN AUDIO/VIDEO DEVICE BETWEEN A SOURCE MODE AND A SINK MODE" and lists an issue date of January 5, 2016. LGL admits that a purported copy of U.S. Patent No. 9,232,265 was attached to the Complaint as Exhibit 10. LGL otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and on that basis denies the same.

48.     LGL denies the allegations of this paragraph.

49.     LGL admits that a chart purportedly comparing independent claim 8 of U.S. Patent No. 9,232,265 to one or more Accused Products was attached to the Complaint as Exhibit 11. LGL otherwise denies the allegations of this paragraph.

7

50.     LGL admits that Wi-Lan, Inc. sent a letter to LGL, a purported copy of which is attached as Exhibit 4 to the Complaint and speaks for itself. LGL admits that licensing@lenovo.com sent email correspondence to nwilson@wilan.com on July 11, 2022, a purported copy of which is attached as Exhibit 5 to the Complaint and speaks for itself, and that discussions with representations of Wi-Lan, Inc. subsequently took place.  LGL otherwise denies the allegations contained in this paragraph.

51.     LGL denies the allegations of this paragraph.

52.     LGL denies the allegations of this paragraph.

53.     LGL denies the allegations of this paragraph.

54.     The allegations of this paragraph contain legal conclusions, to which no response is required.  Moreover, LGL lacks sufficient knowledge or information to form a belief as to the truth of the factual allegations of this paragraph and on that basis denies the same.

55.     LGL admits that it has knowledge of U.S. Patent No. 9,232,265 by way of Plaintiff's Complaint. LGL otherwise denies the allegations of this paragraph.

56.     LGL denies the allegations of this paragraph.

**COUNT V**
**ALLEGED INFRINGEMENT OF U.S. PATENT NO. 8,680,712**

57.     This paragraph does not contain factual allegations that require a response from LGL. To the extent that this paragraph is deemed to require a response from LGL, LGL incorporates by reference its responses to the foregoing paragraphs as if fully set forth herein.

58.     LGL admits that U.S. Patent No. 8,680,712, on its face, is entitled "POWER DELIVERY OVER DIGITAL INTERACTION INTERFACE FOR VIDEO AND AUDIO (DIIVA)" and lists an issue date of March 25, 2014. LGL admits that a purported copy of U.S. Patent No. 8,680,712 was attached to the Complaint as Exhibit 12. LGL otherwise lacks sufficient

knowledge or information to form a belief as to the truth of the allegations of this paragraph and on that basis denies the same.

59.     LGL denies the allegations of this paragraph.

60.     LGL admits that a chart purportedly comparing independent claim 1 of U.S. Patent No. 8,680,712 to one or more Accused Products was attached to the Complaint as Exhibit 13. LGL otherwise denies the allegations of this paragraph.

61.     LGL admits that Wi-Lan, Inc. sent a letter to LGL, a purported copy of which is attached as Exhibit 4 to the Complaint and speaks for itself. LGL admits that licensing@lenovo.com sent email correspondence to nwilson@wilan.com on July 11, 2022, a purported copy of which is attached as Exhibit 5 to the Complaint and speaks for itself, and that discussions with representations of Wi-Lan, Inc. subsequently took place.  LGL otherwise denies the allegations contained in this paragraph.

62.     LGL denies the allegations of this paragraph.

63.     LGL denies the allegations of this paragraph.

64.     LGL denies the allegations of this paragraph.

65.     The allegations of this paragraph contain legal conclusions, to which no response is required.  Moreover, LGL lacks sufficient knowledge or information to form a belief as to the truth of the factual allegations of this paragraph and on that basis denies the same.

66.     LGL admits that it has knowledge of U.S. Patent No. 8,680,712 by way of Plaintiff's Complaint. LGL otherwise denies the allegations of this paragraph.

67.     LGL denies the allegations of this paragraph.

## COUNT VI
## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 7,856,520

68.     This paragraph does not contain factual allegations that require a response from LGL. To the extent that this paragraph is deemed to require a response from LGL, LGL incorporates by reference its responses to the foregoing paragraphs as if fully set forth herein.

69.     LGL admits that U.S. Patent No. 7,856,520, on its face, is entitled "CONTROL BUS FOR CONNECTION OF ELECTRONIC DEVICES" and lists an issue date of December 21, 2010. LGL admits that a purported copy of U.S. Patent No. 7,856,520 was attached to the Complaint as Exhibit 14. LGL otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and on that basis denies the same.

70.     LGL denies the allegations of this paragraph.

71.     LGL admits that a chart purportedly comparing independent claim 12 of U.S. Patent No. 7,856,520 to one or more Accused Products was attached to the Complaint as Exhibit 15. LGL otherwise denies the allegations of this paragraph.

72.     LGL denies the allegations of this paragraph.

73.     LGL admits that it has knowledge of U.S. Patent No. 7,856,520 by way of Plaintiff's Complaint. LGL otherwise denies the allegations of this paragraph.

74.     LGL denies the allegations of this paragraph.

75.     The allegations of this paragraph contain legal conclusions, to which no response is required.  Moreover, LGL lacks sufficient knowledge or information to form a belief as to the truth of the factual allegations of this paragraph and on that basis denies the same.

76.     LGL denies the allegations of this paragraph.

77.     LGL denies the allegations of this paragraph.

## COUNT VII
## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 7,921,231

78.     This paragraph does not contain factual allegations that require a response from LGL. To the extent that this paragraph is deemed to require a response from LGL, LGL incorporates by reference its responses to the foregoing paragraphs as if fully set forth herein.

79.     LGL admits that U.S. Patent No. 7,921,231, on its face, is entitled "DISCOVERY OF ELECTRONIC DEVICES UTILIZING A CONTROL BUS" and lists an issue date of April 5, 2011. LGL admits that a purported copy of U.S. Patent No. 7,921,231 was attached to the Complaint as Exhibit 16. LGL otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and on that basis denies the same.

80.     LGL denies the allegations of this paragraph.

81.     LGL admits that a chart purportedly comparing independent claim 10 of U.S. Patent No. 7,921,231 to one or more Accused Products was attached to the Complaint as Exhibit 17. LGL otherwise denies the allegations of this paragraph.

82.     LGL denies the allegations of this paragraph.

83.     LGL admits that it has knowledge of U.S. Patent No. 7,921,231 by way of Plaintiff's Complaint. LGL otherwise denies the allegations of this paragraph.

84.     LGL denies the allegations of this paragraph.

85.     The allegations of this paragraph contain legal conclusions, to which no response is required.  Moreover, LGL lacks sufficient knowledge or information to form a belief as to the truth of the factual allegations of this paragraph and on that basis denies the same.

86.     LGL denies the allegations of this paragraph.

87.     LGL denies the allegations of this paragraph.

**COUNT VIII**
**ALLEGED INFRINGEMENT OF U.S. PATENT NO. 9,852,103**

88.     This paragraph does not contain factual allegations that require a response from LGL. To the extent that this paragraph is deemed to require a response from LGL, LGL incorporates by reference its responses to the foregoing paragraphs as if fully set forth herein.

89.     LGL admits that U.S. Patent No. 9,852,103, on its face, is entitled "BIDIRECTIONAL TRANSMISSION OF USB DATA USING AUDIO/VISUAL DATA CHANNEL" and lists an issue date of December 26, 2017. LGL admits that a purported copy of U.S. Patent No. 9,852,103 was attached to the Complaint as Exhibit 18. LGL otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and on that basis denies the same.

90.     LGL denies the allegations of this paragraph.

91.     LGL admits that a chart purportedly comparing independent claim 21 of U.S. Patent No. 9,852,103 to one or more Accused Products was attached to the Complaint as Exhibit 19. LGL denies the allegations of this paragraph.

92.     LGL denies the allegations of this paragraph.

93.     LGL admits that it has knowledge of U.S. Patent No. 9,852,103 by way of Plaintiff's Complaint. LGL otherwise denies the allegations of this paragraph.

94.     LGL denies the allegations of this paragraph.

95.     The allegations of this paragraph contain legal conclusions, to which no response is required.  Moreover, LGL lacks sufficient knowledge or information to form a belief as to the truth of the factual allegations of this paragraph and on that basis denies the same.

96.     LGL denies the allegations of this paragraph.

97.     LGL denies the allegations of this paragraph.

## COUNT IX
## DECLARATORY JUDGMENT

98.     This paragraph does not contain factual allegations that require a response from LGL. To the extent that this paragraph is deemed to require a response from LGL, LGL incorporates by reference its responses to the foregoing paragraphs as if fully set forth herein.

99.     LGL lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and on that basis denies the same.

100.    LGL admits that, to the extent that Plaintiff or its predecessors-in-interest had obligations under VESA and/or USB-IF policies, there is a dispute between Plaintiff and LGL concerning whether Plaintiff has negotiated in good faith towards a license and complied with VESA and USB-IF policies and applicable laws. LGL otherwise denies the allegations contained in this paragraph.

101.    This paragraph does not contain factual allegations that require a response from LGL. To the extent that this paragraph is deemed to require a response from LGL, LGL denies the allegations of this paragraph.

## PRAYER FOR RELIEF

LGL denies that Plaintiff is entitled to any relief whatsoever in this action from LGL, either as prayed for in the Complaint or otherwise.

## DEMAND FOR JURY TRIAL

Plaintiff's jury demand does not require a response by LGL, but LGL admits that Plaintiff demands a jury trial on all issues. LGL also demands a trial by jury.

## DEFENSES

LGL incorporates herein by reference the statements contained in its Answer above as if fully set forth herein. Without assuming any burden that it would not otherwise bear and without

13

reducing Plaintiff's burden on any of the claims in the Complaint, LGL states the following defenses to the claims in the Complaint. LGL reserves the right to amend its affirmative defenses and to add additional affirmative defenses, including, but not limited to, any defenses revealed during discovery.

### First Defense
**(Failure to State a Claim)**

Plaintiff's Complaint fails to state a claim upon which relief can be granted and/or fails to plead factual allegations with sufficiency and particularity required to state a plausible claim.

### Second Defense
**(Non-Infringement)**

LGL does not infringe and has not infringed, directly or indirectly, any valid and enforceable claim of U.S. Patent Nos. 7,154,905 ("the '905 Patent"), 7,187,307 ("the '307 Patent"), 7,746,798 ("the '798 Patent"), 9,232,265 ("the '265 Patent"), 8,680,712 ("the '712 Patent"), 7,856,520 ("the '520 Patent"), 7,921,231 ("the '231 Patent"), or 9,852,103 ("the '103 Patent") (collectively the "Asserted Patents").

### Third Defense
**(Invalidity)**

The claims of the Asserted Patents are invalid for failure to comply with one or more of the requirements and/or conditions for patentability under Title 35, United States Code § 101 *et seq.*, including without limitation §§ 101, 102, 103, and/or 112, and/or any other judicially created bases for invalidation.

**Fourth Defense**
**(Prosecution Estoppel)**

Plaintiff's claims are barred, in whole or in part, under the doctrine of prosecution estoppel, by admissions, representations, statements, or actions taken during the prosecution of the patent applications that ultimately issued as the Asserted Patents.

**Fifth Defense**
**(Patent Exhaustion and/or License)**

Plaintiff's claims are barred, in whole or in part, by the doctrines of patent exhaustion, license (either express or implied), and/or the prohibition on double recovery, including to the extent that Plaintiff seeks royalties or damages for any products or activities that are, or will be, licensed to persons or companies that supply accused products, systems, components, software, firmware and/or services to LGL and/or its subsidiaries. As an example, and without limitation, Plaintiff's claims are barred in view of the express and implied rights under the license agreement between Intel and Wi-LAN to the extent that Plaintiff seeks royalties or damages for any products or activities that are licensed or otherwise permitted pursuant to that agreement.

**Sixth Defense**
**(Failure to Mark)**

To the extent that Plaintiff, its alleged predecessors in interest to the Asserted Patents, or any and all licensees of the Asserted Patents failed to properly mark any of their relevant products as required by 35 U.S.C. § 287 or otherwise give proper notice that LGL's actions allegedly infringed the Asserted Patents, LGL is not liable to Plaintiff for the acts alleged to have been performed before receiving actual notice that it was allegedly infringing the Asserted Patents.

15

**Seventh Defense**
**(Not an Exceptional Case)**

LGL has engaged in good faith in all activities accused of infringement in Plaintiffs' Complaint, thereby precluding Plaintiff, even if it prevails, from recovering attorney fees and/or costs under 35 U.S.C. § 285.

**Eighth Defense**
**(No Enhanced Damages)**

Plaintiff is not entitled to enhanced damages under 35 U.S.C. § 284, at least because Plaintiffs has failed to show, and cannot show, that any infringement has been willful and/or egregious because LGL has not engaged in any conduct that meets the applicable standard for willful infringement.

**Ninth Defense**
**(Limitations on Damages Based on RAND Obligations)**

To the extent one or more of the Asserted Patents is determined to be essential to VESA or USB-IF standards, Lattice Semiconductor Corporation and/or Silicon Image, Inc., the previous owner(s) of the Asserted Patents and predecessors-in-interest to Plaintiff, were required, in accordance with the relevant rules and intellectual property rights policies of applicable Standard Setting Organizations ("SSOs"), to grant licenses under the Asserted Patents on reasonable and non-discriminatory ("RAND") terms and conditions. Any applicable RAND obligations are found at least in the Intellectual Property Rights policies adopted by the Video Electronics Standards Association ("VESA") and the USB Implementers Forum, Inc. ("USB-IF").

In the event the Asserted Patents contain any claims essential to any standards adopted by VESA or USB-IF, Plaintiff, as purported owner-by-assignment of the Asserted Patents, is bound by the agreements, licenses, covenants, obligations, and promises related to the Asserted Patents,

including any agreement to grant licenses to the Asserted Patents on RAND terms and conditions pursuant to VESA and USB-IF policies.

Plaintiff has not offered LGL reasonable and nondiscriminatory royalty terms and rates. As a beneficiary to the rules and intellectual property rights policies of the relevant SSOs, LGL has the right to be offered RAND terms and conditions for a license to the Asserted Patents.

To the extent the Asserted Patents are essential to any VESA or USB-IF standards, Plaintiff has failed to comply with any RAND obligations under the relevant rules and intellectual property rights policies of the relevant SSOs with respect to LGL (which is claiming the benefit thereof) by failing to offer any license on RAND terms. Plaintiff's obligations limit the damages, if any, available to Plaintiff in this action.

<u>**Tenth Defense**</u>
**(Equitable Estoppel and/or Waiver)**

To the extent the Asserted Patents are essential to any VESA or USB-IF standards, the Asserted Patents are unenforceable, for example, because of Plaintiff's and/or Plaintiff's predecessors-in-interest's failure to disclose them to the applicable SSOs prior to the voting, approval, and/or publication dates of the applicable standards. Given the fact that Plaintiff alleges infringement of the Asserted Patents based on compliance with certain VESA and/or USB-IF standards, Plaintiff and/or its predecessors-in-interest knew or should have known the Asserted Patents are allegedly essential to those standards. Despite such knowledge, and on information and belief, Plaintiff and its predecessors-in-interest chose to conceal those material facts in connection with the Asserted Patents from the relevant SSOs, evidencing their intent to induce the relevant SSOs to adopt the standards, which allegedly implicate Plaintiff's purported technology, and to induce industry participants to implement those standards. Further on information and belief, Plaintiff's fraudulent conduct induced the SSOs to adopt one or more such claims into the VESA

and USB-IF standards, causing industry participants to reasonably rely on Plaintiff's promises to the SSOs. The promises included the promise to disclose all known intellectual property rights that are essential or potentially essential to the standards, and the promise to license the potentially essential patents on RAND terms. LGL's reliance on such promises was to its detriment, causing damage to LGL's business, property and goodwill.

## Eleventh Defense
### (Inequitable Conduct)

All claims of at least the '103 Patent are unenforceable due to inequitable conduct.

The '103 Patent was originally filed as U.S. Patent Application No. 14/681,992 on April 8, 2015 ("the '992 Application"), and claims priority to Provisional Application No. 61/979,483, which was filed on April 14, 2014. The '992 Application names Silicon Image, Inc. as the applicant. The '103 Patent names seven inventors, including Gyudong Kim and Min-Kyu Kim. The '103 Patent is entitled "Bidirectional Transmission of USB Data Using Audio/Video Data Channel" and describes embodiments that "relate to half-duplex bidirectional transmission of data compliant with a first standard (e.g., Universal Serial Bus (USB) standard) over a physical channel of a multimedia link for transmitting audio / video ('A/V') data compliant with a second standard (e.g., Mobile High-Definition Link (MHL) standard) between a source device and a sink device using time division multiplexing (TDM)." '103 Patent, Title and Abstract.

During prosecution of the '103 Patent, the U.S. Patent and Trademark Office issued only a single office action rejecting claims of the '992 Application. In that office action, the examiner rejected all pending claims as anticipated under 35 U.S.C. § 102(a)(1) by U.S. Patent Publication No. 2007/0201492 ("Kobayashi"). In response to the rejection over Kobayashi, the applicant amended the claims and argued that the claims, as amended, were patentable over Kobayashi "because Kobayashi does not disclose or suggest a 'first physical channel' over which a 'first unit

of data comprising video data and forward data compliant with a first standard comprising a universal serial bus (USB) standard and different from a standard of the video data' is sent from the source device to the sink device, and a 'second unit of data comprising backward data compliant with the first standard' is received by the source device, as recited in claim 1." In the subsequent Notice of Allowance, the Examiner entered an examiner's amendment to the claims and explained that "[t]he primary reason for allowance … is that prior arts do not teach a TMDS channel that's transmitting video in only one direction and transmitting USB data bidirectionally at a higher bandwidth." Thereafter, the claims of the '103 Patent issued as amended in the Notice of Allowance.

U.S. Patent 7,558,326 to Lyle et al. ("the Lyle Patent") was filed on September 12, 2001, and issued July 7, 2009. Like the '103 Patent, the Lyle Patent was originally assigned to Silicon Image, Inc. and names seven inventors—including two inventors named on the '103 Patent: Gyudong Kim and Min-Kyu Kim. The Lyle Patent is entitled "Method and Apparatus for Sending Auxiliary Data on a TMDS-Like Link."

The Lyle Patent was material to the patentability of the claims of the '103 Patent. The Lyle Patent discloses or suggests all elements of at least claim 1 of the '103 Patent, including, but not limited to, the feature that the examiner found missing from the prior art cited during prosecution. In particular, the Lyle Patent discloses a TMDS channel that transmits video data (i.e. video data in Digital Video Interface (DVI) format) in one direction (i.e. from a transmitter to a receiver) and transmits USB data (i.e. "auxiliary data" that may be high bandwidth USB data) bidirectionally at a higher bandwidth. *See, e.g.*, Lyle Patent at Fig. 21, 8:39–9:2, 27:10–20, 27:49–63, 28:26–29:21, 45:43–48, 50:47–54. The Lyle Patent anticipates one or more claims, including, for example, claim

19

1, of the '103 Patent. Had the Lyle Patent been presented to the Patent Office during prosecution, the '103 Patent would not have issued.

While the '992 Application remained pending, inventors Gyudong Kim and Min-Kyu Kim had a duty to disclose material information. On information and belief, Gyudong Kim and Min-Kyu Kim knew of the Lyle Patent during prosecution of the '103 Patent. Indeed, the Lyle Patent issued on July 7, 2009, several years before the applications resulting in the '103 Patent were filed, was originally assigned to Silicon Image, Inc., and names Gyudong Kim and Min-Kyu Kim as inventors. Further on information and belief, as named inventors on both patents, Gyudong Kim and Min-Kyu Kim knew during prosecution of the '103 Patent that the Lyle Patent disclosed all elements of at least claim 1 of the '103 Patent. The Lyle Patent was not disclosed to the Patent Office as part of prosecution of the '103 Patent. Indeed, the Lyle Patent is not listed as one of the "References Cited" on the face of the '103 Patent. On information and belief, Gyudong Kim and Min-Kyu Kim deliberately and with specific intent chose to withhold the material Lyle Patent during the prosecution of the '103 Patent.

### Twelfth Defense
### (Additional Equitable Doctrines)

Plaintiff's claims for relief are barred in whole or in part by additional equitable doctrines of patent misuse, prosecution laches, unclean hands, *in pari delicto*, acquiescence, and/or other equitable doctrines.

### Thirteenth Defense
### (Lack of Jurisdiction)

Plaintiff cannot recover in this Court because this Court lacks either General or Specific Jurisdiction over LGL, which is a holding company that does not operate in the United States, make products for the United States market, or offer services to customers in the United States.

LGL is not authorized, registered, or licensed to do business in Texas or anywhere else in the United States and has no place of business, sales, or presence in Texas or anywhere else in the United States.

**Fourteenth Defense**
**(Improper Venue)**

Plaintiff cannot recover in this Court because venue over LGL is improper in this Court. LGL is a holding company that does not operate in the United States, make products for the United States market, or offer services to customers in the United States. LGL is not authorized, registered, or licensed to do business in Texas or anywhere else in the United States and has no place of business, sales, or presence in Texas or anywhere else in the United States.

**Reservation of Defenses**

LGL expressly reserves the right to assert any other legal or equitable defenses to which it is shown to be entitled, including all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses that may now exist or in the future be available based on discovery or further factual investigation in this case.

**REQUEST FOR RELIEF**

WHEREFORE, LGL respectfully requests that the Court enter judgment:

A.      In favor of LGL, and against Plaintiff, dismissing the Complaint with prejudice, with Plaintiff taking nothing by the way of its claims;

B.      That LGL has not infringed any valid claim of the Asserted Patents under any subsection of 35 U.S.C. § 271;

C.      That all asserted claims of the Asserted Patents are invalid and/or unenforceable;

D.      That this case stands out from others and as such is an exceptional case pursuant to 35 U.S.C. § 285 and ordering Plaintiff to pay LGL's reasonable attorneys' fees incurred in this

action;

    E.     That Plaintiff pays all costs incurred by LGL in this action; and

    F.     Awarding LGL all other relief that the Court deems just and proper.

### DEMAND FOR JURY TRIAL

LGL hereby demands a jury trial for all issues so triable.

Dated: October 31, 2024          Respectfully submitted,

GILLAM & SMITH, LLP

/s/ *Steven D. Moore*
Melissa R. Smith
(Texas State Bar No. 24001351)
303 South Washington Avenue
Marshall, TX  75670
Telephone: 903 934-8450
Facsimile: 903 934-9257
Email:  melissa@gillamsmithlaw.com

Of Counsel:             KILPATRICK TOWNSEND & STOCKTON LLP

Steven D. Moore
Two Embarcadero Center, Suite 1900
San Francisco, CA  94111
Telephone:   (415) 576-0200
Facsimile: (415) 576-0300
Email:  smoore@ktslaw.com

Russell A. Korn
Joshua H. Lee
Christopher S. Leah
1100 Peachtree Street NE, Suite 2800
Atlanta, GA 30309
Telephone: (404) 815-6500
Facsimile: (404) 815-6555
Email: rkorn@ktslaw.com
Email: jlee@ktslaw.com
Email: cleah@ktslaw.com

Kasey E. Koballa
4208 Six Forks Road
Raleigh, NC  27609
Telephone:   (919) 420-1700
Facsimile: (919) 420-1800
Email:  kkoballa@ktslaw.com

*Attorneys for Lenovo Group Limited*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on October 31, 2024, all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(a)(3).

/s/ <i>Steven D. Moore</i>    <br>
Steven D. Moore