# EXHIBIT A

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| UNIVERSAL CONNECTIVITY TECHNOLOGIES INC., <br><br> Plaintiff, <br> v. <br><br> LENOVO GROUP LIMITED, <br><br> Defendant. | Case No. 2:23-cv-00449-JRG <br><br> **JURY TRIAL DEMANDED** |

**REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE (LETTER ROGATORY) TO OBTAIN DOCUMENTS FROM REALTEK SEMICONDUCTOR CORP. (TAIWAN)**

TO THE APPROPRIATE JUDICIAL AUTHORITY OF TAIWAN:

The United States District Court, Eastern District of Texas, Marshall Division (the "Requesting Court") presents its compliments to the Court of Taiwan, and respectfully requests international judicial assistance to compel Realtek Semiconductor Corp. ("Realtek"), located at No. 2, Innovation Road II, Hsinchu Science Park, Hsinchu 300, Taiwan to produce the documents identified in the Letter Rogatory which is filed herewith as Exhibit A. The requested documents are to be used in civil actions proceeding before the Requesting Court. The Requesting Court requests the assistance described herein as necessary in the interests of justice.

## Background

This request is made pursuant to the All Writs Act, 28 U.S.C. § 1651 and 28 U.S.C. § 1781 (permitting the transmittal of letters rogatory through the district courts and the Department of State); and the Law in Supporting Foreign Courts on Consigned Cases and Taiwan Code of Civil Procedure. The United States District Court for the Eastern District of Texas, Marshall Division

is a competent court of law and equity that properly has jurisdiction over these proceedings.

Realtek is a Taiwanese corporation with a principal place of business at No. 2, Innovation Road II, Hsinchu Science Park, Hsinchu 300, Taiwan. Realtek conducts its business within your jurisdiction. On information and belief, Realtek has or is likely to have possession of the documents specified in Exhibit A.

The Applicant for this letter is Universal Connectivity Technologies Inc. ("UCT"), which is the plaintiff in the above-captioned case, *Universal Connectivity Technologies Inc. v. Lenovo Group Limited*, Case No. 2:23-cv-00449-JRG (the "US Action").

The production of documents specified in Exhibit A are intended for use at trial or directly in the preparation of trial and in the view of this Court will be relevant to claims in the case, including UCT's claims to the allegations of patent infringement. The evidence sought in this Request goes to the heart of significant issues of fact and law that will influence the final adjudication of claims brought by the Plaintiff.

This request is made with the understanding that it will in no way require any person to commit any offense, or to undergo a broader form of inquiry than he or she would if the litigation were conducted in a Taiwanese court. This Court lacks authority to compel participation of these persons and, such participation being necessary in order that justice be served in the above-captioned proceedings, this Court respectfully requests assistance from the courts of Taiwan.

1. **SENDER**

The Honorable J. Rodney Gilstrap
United States District Court Judge
United States District Court
Eastern District of Texas, Marshall Division
100 East Houston Street
Marshall, Texas 75670
United States of America
Phone: (903) 935-2295

2. **CENTRAL AUTHORITY OF THE REQUESTED STATE**

Taiwan Shilin District Court
No. 190, Shihdong Rd., Shihlin District, Taipei City 111035
Taiwan

3. **PERSON TO WHOM THE EXECUTED REQUEST IS TO BE RETURNED**

BC LAW GROUP, P.C.
Brett E. Cooper
bcooper@bc-lawgroup.com
Seth R. Hasenour
shasenour@bc-lawgroup.com
Jonathan Yim
jyim@bc-lawgroup.com
Drew B. Hollander
dhollander@bc-lawgroup.com
Ashley M. Ratycz
aratycz@bclgpc.com
200 Madison Avenue, 24th Floor
New York, NY 10016
Telephone: (212) 951-0100

4. **SPECIFICATION OF DATE BY WHICH THE REQUESTING AUTHORITY REQUIRES RECEIPT OF THE RESPONSE TO THE LETTER OF REQUEST**

To allow the parties sufficient time to analyze the requested documents for their use at trial and in pretrial filings, a response to the Letter Rogatory is requested by one month after the Taiwan Shilin District Court issues the Letter Rogatory or as soon thereafter as is reasonably possible, but no later than January 31, 2025. The close of fact discovery in the U.S. litigation is May 30, 2025.

5. **NAMES AND ADDRESSES OF THE PARTIES AND THEIR REPRESENTATIVES OF THE CASE (ARTICLE 3(B))**

The evidence requested relates to the action *Universal Connectivity Technologies Inc. v. Lenovo Group Limited*, Case No. 2:23-cv-00449-JRG, United States District Court for the Eastern District of Texas. The parties and their representatives are listed herein as follows:

**Plaintiff: Universal Connectivity Technologies Inc.**

3

*Plaintiff's Representatives*:

BC LAW GROUP, P.C.
Brett E. Cooper
bcooper@bc-lawgroup.com
Seth R. Hasenour
shasenour@bc-lawgroup.com
Jonathan Yim
jyim@bc-lawgroup.com
Drew B. Hollander
dhollander@bc-lawgroup.com
Ashley M. Ratycz
aratycz@bclgpc.com
200 Madison Avenue, 24th Floor
New York, NY 10016
Telephone: (212) 951-0100

**Defendant:  Lenovo Group Limited**

*Defendant's Representatives*:

GILLAM & SMITH, LLP
Melissa R. Smith
(Texas State Bar No. 24001351)
303 South Washington Avenue
Marshall, TX 75670
Telephone: 903 934-8450
Facsimile: 903 934-9257
Email: melissa@gillamsmithlaw.com

KILPATRICK TOWNSEND & STOCKTON LLP
Steven D. Moore
Two Embarcadero Center, Suite 1900
San Francisco, CA 94111
Telephone: (415) 576-0200
Facsimile: (415) 576-0300
Email: smoore@ktslaw.com

Russell A. Korn
Joshua H. Lee
Christopher S. Leah
1100 Peachtree Street NE, Suite 2800
Atlanta, GA 30309
Telephone: (404) 815-6500
Facsimile: (404) 815-6555
Email: rkorn@ktslaw.com

Email: jlee@ktslaw.com
Email: cleah@ktslaw.com

Kasey E. Koballa
4208 Six Forks Road
Raleigh, NC 27609
Telephone: (919) 420-1700
Facsimile: (919) 420-1800
Email: kkoballa@ktslaw.com

WILLKIE FARR & GALLAGHER LLP
Aliza George Carrano
DC Bar No. 995661
acarrano@willkie.com
Dane Sowers
TX Bar No. 24126820
dsowers@willkie.com
1875 K Street, N.W.
Washington, DC 20006-1238
Telephone: (202) 303-1000

DTO LAW
Sudip Kundu
skundu@dtolaw.com
307 5th Avenue, 12th Floor
New York, NY 10016
Telephone: (646) 403-9901

## 6.  NATURE AND PURPOSE OF THE PROCEEDINGS AND SUMMARY OF THE FACTS

UCT filed the U.S. Action on September 28, 2023, alleging that Lenovo infringes U.S. Patent Nos. 7,154,905 ("the '905 Patent"), 7,187,307 ("the '307 Patent"), 7,746,798 ("the '798 Patent"), 9,232,265 ("the '265 Patent"), 8,680,712 ("the '712 Patent"), 7,856,520 ("the '520 Patent"), 7,921,231 ("the '231 Patent"), and 9,852,103 ("the '103 Patent") (collectively, "the Asserted Patents"). Specifically, UCT alleges that Lenovo products (computers, monitors, and docking stations) that support certain USB, PCIe and DisplayPort standards infringe the patents-in-suit. Dkt. No. 1.

The documents that UCT requests from Realtek are highly relevant to UCT's infringement

claims, Lenovo's defenses, and alleged damages. They are directed at fundamental issues of the structure and operation of the Realtek components incorporated in the accused Lenovo products. Lenovo has identified the specific model numbers of relevant Realtek components in response to UCT's interrogatories.

       7.     **<u>EVIDENCE TO BE OBTAINED AND PURPOSE</u>**

UCT's request for information from Realtek seeks a narrowly targeted set of information. Specifically, UCT seeks documents and source code for components that Realtek supplies to Lenovo that are incorporated in the accused products. The documents that UCT requests from Realtek are highly relevant to UCT's infringement claims, Lenovo's defenses, and alleged damages. They are directed at fundamental issues of the structure and operation of the Realtek components incorporated in the accused Lenovo products. Lenovo has identified the specific model numbers of relevant Realtek components in response to UCT's interrogatories.

Accordingly, the discovery sought from Realtek is at least relevant to the infringement issues. UCT's narrowly-tailored requests for production of documents by Realtek are important to understanding the structure and operation of the Realtek components. UCT has no other reasonable method of obtaining this discovery relating to the Realtek components.

The documents identified in Exhibit A are directed to these narrowly-tailored issues. The documents requested are not only relevant to the discovery of this case, but are also necessary for the trial of this case and may be so used by the parties. UCT has no other reasonable method of obtaining the documents sought by this Letter Rogatory other than from Realtek. Further, the documents are not otherwise obtainable by this Court through its own compulsory process. The evidence sought in Taiwan through this request is necessary for this Court to do justice in this case.

In the proper exercise of its authority, the Requesting Court has determined that there are

sufficient grounds to obtain the documentary evidence sought through this Letter Rogatory, as the evidence sought is directly relevant to the issues to be determined by the Requesting Court, and such evidence cannot be secured elsewhere or otherwise without the intervention of the appropriate judicial authorities in Taiwan.

It appears to the Requesting Court that Realtek resides within your jurisdiction with its principal place of business at No. 2, Innovation Road II, Hsinchu Science Park, Hsinchu 300, Taiwan. This Requesting Court therefore requests that, in the furtherance of justice, you, by the proper and usual process of your Court, compel Realtek to produce the documents identified in the Letter Rogatory which is filed herewith as Exhibit A.

It is, therefore, respectfully requested that the courts of Taiwan require Realtek to produce documents responsive to the requests for production in Exhibit A to this Letter of Request, to the extent that they are in the possession, custody, or control of Realtek, and are not privileged under the applicable laws of Taiwan or the United States.

While this Requesting Court expresses no view at this time as to the merits in the above-captioned case, it believes the evidence sought here will be relevant to and either probative or dis-probative of material facts relevant to the parties' claims and defenses.

8. **IDENTITY AND ADDRESS OF THE ENTTITES AND PERSONS TO BE EXAMINED**

Realtek Semiconductor Corp.
No. 2, Innovation Road II
Hsinchu Science Park, Hsinchu 300, Taiwan

9. **DOCUMENTS AND OTHER EVIDENCE TO BE EXAMINED**

It would further the interests of justice if you would require Realtek to produce or make available for inspection the documents set forth in Exhibit A to this Letter of Request.

10. **SPECIFICATION OF PRIVILEGE OR DUTY TO REFUSE TO GIVE EVIDENCE UNDER THE LAW OF THE STATE OF ORIGIN**

Under the laws of the United States, a witness has a privilege to refuse to give evidence if to do so would disclose a confidential communication between the witness and his or her attorney that was communicated specifically for the purpose of obtaining legal advice and which privilege has not been waived. United States law also recognizes a privilege against criminal self-incrimination. Other limited privileges on grounds not applicable here also exist, such as communications between doctors and patients, husband and wife, and clergy and penitent. Certain limited immunities are also recognized outside the strict definition of privilege, such as the limited protection of work product created by attorneys during or in anticipation of litigation.

11. **REIMBURSEMENT**

UCT is willing to reimburse the reimbursable fees and costs incurred by Realtek in complying with any order of the courts of Taiwan giving effect to this Request for International Judicial Assistance.

12. **RECIPROCITY REGARDING LETTER ROGATORY**

In the spirit of comity and reciprocity, the United States District Court for the Eastern District of Texas, Marshall Division hereby requests international judicial assistance in the form of this Letter Rogatory to obtain the documents identified in Exhibit A. This Court expresses its sincere willingness to provide similar assistance and to honor similar appropriate requests from a court in Taiwan if future circumstances should require.

For the foregoing reasons, this Court hereby issues this letter rogatory requesting the production of the Realtek's documents as follows:

13. **DOCUMENTS**

If acceptable, the Competent Court of Taiwan shall require that Realtek produce the documents requested in Exhibit A.

This Letter Rogatory is signed and sealed by Order of the Court made on the date set forth

Dated: _____

                                          _____
Honorable J. Rodney Gilstrap
United States District Court Judge
United States District Court
Eastern District of Texas, Marshall Division
United States of America

# EXHIBIT A

# EXHIBIT A

# DEFINITIONS

As used herein, the following definitions shall apply to the requests for the production of documents contained herein (the "Requests"):

1. "Accused Feature(s)" means the functionalities accused in UCT's complaint and/or infringement contentions, including but not limited to Lenovo's use of the functionality in any of the following USB Implementers Forum and/or VESA standards: USB 3.0 or later, USB-C 1.0 or later, USB4 1.0 or later, USB Power Delivery 2.0 or later, DisplayPort 1.0 or later, DisplayPort Alt Mode 1.0 or later, HDMI Alt Mode for USB-C, and/or PCIe 3.0 or later.

2. "Accused Product(s)" means the products listed in UCT's complaint and/or infringement contentions, including but not limited to Lenovo products (laptops, desktops, working stations, monitors, docking stations, and/or SSDs) that support USB 3.0 or later, USB-C 1.0 or later, USB4 1.0 or later, USB Power Delivery 2.0 or later, DisplayPort 1.0 or later, DisplayPort Alt Mode 1.0 or later, HDMI Alt Mode for USB-C, and/or PCIe 3.0 or later.

3. "UCT" means Universal Connectivity Technologies Inc. and all past and present officers, directors, affiliates, brokers, agents, representatives, employees, servants, and all persons acting directly or indirectly under its control, including any attorney.

4. "Communication" shall mean, including its usual and customary meaning, any transmission, conveyance, or exchange of a word, statement, fact, thing, idea, document, instruction, information, demand or question by any medium, whether by written, oral, or other means, including but not limited to electronic communications and electronic mail.

5. "Concerning" means directly or indirectly mentioning, constituting, discussing or describing, relating to, pertaining to, or being connected with a stated subject matter or any aspect

thereof.

      6.      "Document" or "documents" are used herein in their broadest sense as set forth in the Federal Rules of Civil Procedure. These words mean and include all written, printed, typed, recorded, or graphic matter of every kind and description, both originals and copies, and all attachments and appendices, within your possession, custody, or control. Without limiting the foregoing, the terms "document" and "documents" shall include all agreements, contracts, communications, correspondence, facsimile, letters, opinion letters, telegrams, telexes, telefaxes, messages, memoranda, records, reports, books, summaries or other records of telephone conversations or interviews, summaries or other records of personal conversations or interviews, minutes, summaries, other records of meetings and conferences, statements obtained from witnesses, summaries or other records of negotiations, other summaries, diaries, diary entries, calendars, appointment books, time records, instructions, work assignments, forecasts, progress reports, statistical data, statistical statements, financial statements, work sheets, work papers, drafts, graphs, charts, tables, accounts, analytical records, consultants' and experts' report, appraisals, bulletins, notes, notices, marginal notations, notebooks, telephone records, bills, statements, records of obligation and expenditure, invoices, lists, journals, printouts, compilations, tabulations, analyses, studies, surveys, expense reports, microfilm, microfiche, tape or disc recordings, sound recordings, video recordings, film, tape, photographs, programs, electronic mail ("e-mail") and data compilations from which information can be obtained (including matter used in data processing), and other printed, written, handwritten, typewritten, recorded, stenographic, computer-generated, computer-stored, or electronically stored matter, however and by whomever produced, prepared, reproduced, disseminated, or made. The words "document" and "documents" also include all copies of documents by whatever means made, except that where a document is

produced, identical copies of it that do not contain any markings, additions, or deletions that are different from the original do not have to be separately produced.

7. "Hardware" means any form of electronic components, interconnections, circuits (both analog and digital), semiconductor devices, circuit boards, and assemblies of same.

8. "Lawsuit" means the case captioned *Universal Connectivity Technologies Inc. v. Lenovo Group Limited*, Civil Action No. 2:23-cv-00449-JRG, pending in the United States District Court for the Eastern District of Texas.

9. "Patents-in-Suits" means United States Patent Nos. 7,154,905 ("the '905 Patent"), 7,187,307 ("the '307 Patent"), 7,746,798 ("the '798 Patent"), 9,232,265 ("the '265 Patent"), 8,680,712 ("the '712 Patent"), 7,856,520 ("the '520 Patent"), 7,921,231 ("the '231 Patent"), and 9,852,103 ("the '103 Patent") (collectively, the "Asserted Patents").

10. "Relate to," "related to," "in relation to," and "relating to" mean, in addition to their customary and usual meaning, bearing upon, discussing, identifying, referring to, pertaining to, or concerning.

11. "Lenovo" means Lenovo Group Limited and all past and present officers, directors, affiliates, brokers, agents, representatives, employees, servants, and all persons acting directly or indirectly under its control, including any attorney.

12. "Software" means any form of code, including source code, object code, complied code, byte code, interpreted code, firmware, and any form of code stored in any storage medium or received by a device.

13. "Source code" means any text or symbols that are written in a human-readable programming language or visual representation and any data files associated with the human-readable or visual representation. Source code for different versions of software may exist, where

a version is referenced by a build number, product version number, or other designation as identified by Your source code control system and/or software development practices. Source code for hardware includes but is not limited to schematics, Register Transfer Level (RTL), and netlists of hardware components. A reference to "source code" shall mean all versions released as a commercial product or used in the construction of a commercial product. Source code includes manifests, build files, "make" files or build scripts for aggregating, compiling, or associating multiple source code files in any way and any output files produced by aggregation, compilation, or association of multiple source code files.

14. "Technical Reference Manual" means all documents that refer or relate to a description of a product's technical specifications, features, design, components, troubleshooting, setup, operation, use, and/or general technical maintenance.

15. "Realtek Semiconductor Corp.," "Realtek," "You," and "Your" means Realtek Semiconductor Corporation and all past and present officers, directors, affiliates, brokers, agents, representatives, employees, servants, and all persons acting directly or indirectly under its control, including any attorney.

16. "Realtek Chipsets" means any chipset that Reaktek has supplied to Lenovo that is responsible for the DisplayPort, PCIe, and/or USB functionality of the Accused Products. This includes functionality set forth in any of the following USB Implementers Forum and/or VESA standards: USB 3.0 or later, USB-C 1.0 or later, USB4 1.0 or later, USB Power Delivery 2.0 or later, DisplayPort 1.0 or later, DisplayPort Alt Mode 1.0 or later, HDMI Alt Mode for USB-C, and/or PCIe 3.0 or later.

## INSTRUCTIONS FOR SCHEDULE A

1. Unless otherwise defined all words and phrases used herein shall be accorded their

usual meaning and shall be interpreted in their common ordinary sense.

2. If there is any question as to the meaning of any part of these Requests or Topics, or an issue as to whether production of responsive documents would impose an undue burden on you, the undersigned counsel for UCT should be contacted promptly.

3. Each of the Requests for Production contained herein requires you to produce all documents in your actual or constructive possession, custody, or control.

4. Unless stated otherwise, documents produced in response to these Requests should be fully inclusive for the period of January 2017-Present.

5. The use of the singular form of any word includes the plural and vice versa, and the terms "all," "any," "each," and "every" shall be construed as both "each" and "every" to bring within the scope of these Requests and Topics any and all information which might otherwise be construed to be outside their scope. The past tense shall be construed to include the present and future tenses and vice versa, so as to make each Request inclusive rather than exclusive. "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Requests any and all information that might otherwise be construed to be outside their scope.

6. Pursuant to Rule 45(d) of the Federal Rules of Civil Procedure, please produce the requested documents as they are kept in the usual course of business. For example, a document that is part of a file, docket, or other grouping, should be physically produced together with all other documents from said file, docket, or grouping, in the same order or manner of arrangement as the original. E-mail attachments should be produced with or following their corresponding e-mails. Source code should be produced in an electronic form that maintains the original character encoding of the text or symbols, such as ASCII or Unicode text files, searchable by character-

based tools without the need for Optical Character Recognition (OCR) of a binary image (for example, TIFF) file, or PDF files for symbol-based source code such as schematics. Source code should maintain the original character encoding of the text, where applicable, and maintain format control characters including but not limited to tab, space, and quotation characters to maintain the original programmer-intended indenting structure. Source code production also includes a representation of the hierarchical organization of source code components if the source code is maintained hierarchically in the ordinary course of Your business. For example, if source code is maintained in the ordinary course of business as a hierarchy of directories and files, the names and relationships between directories and files convey important information about the structure of the design reflected by the source code and this information is relied upon by designers. If the source code is not produced in a manner that reproduces the hierarchy of directories and files in which it is maintained in the ordinary course of business, producing a human-readable or visible representation of the structure of that hierarchy of directories and files maintained by You in the ordinary course of its business is a required aspect of producing the source code.

7. If you do not respond to any Request for Production in full or produce documents or things in response to any portion of a Request for Production, state the precise reason for failing to do so and provide all documents or things called for by that portion of the Request for Production to which you do not object and/or refuse to respond. If a legal objection is made, set forth the specific nature of the grounds for that objection. If you cannot or will not respond to only a portion of any Request, provide a full response to the remaining portion, and specifically set forth (i) the fact that the response is incomplete, and (ii) the reasons or grounds for any omission or for your inability or refusal to complete the response. If you can respond to a Request only in part on the basis of information available at the time of the response, (i) provide a response on the basis of

that information, (ii) indicate your response is so limited, and (iii) provide a further response, in accordance with paragraph three of these Instructions, when further information becomes available.

8. If any information, document or thing is withheld from production on the basis of privilege, work product, immunity, third-party confidentiality requirements, or any similar claim, then You shall produce a privilege log within a reasonable time as agreed by the Parties or as ordered by the Court.

9. All documents that constitute electronically stored information shall be produced as single-page TIFFs with image load files showing production numbers and document breaks or as otherwise agreed by the parties. UCT reserves the right to request production of electronically stored information in its native format and/or with associated metadata where necessary.

10. All the Requests contained herein are of a continuing nature and require you, in accordance with Federal Rule of Civil Procedure 26(e), to produce promptly for inspection and copying any documents or things that you reasonably may acquire, obtain, locate, or identify between the time of the initial response to these Requests and the time of the final disposition of this action.

## REQUESTS FOR PRODUCTION

1. Source code sufficient to show the operation of the Accused Features for each of the Realtek Chipsets, including the source code for hardware design and specification language descriptions, such as SDL, HDL, VHDL, iHDL, Verilog, System Verilog, or RTL, and the source code for higher software programming design languages, such as C and C++ programming languages.

2. Technical documents sufficient to show the operation of the Accused Features for

each of the Realtek Chipsets that Realtek has supplied to Lenovo.