UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| UNIVERSAL CONNECTIVITY TECHNOLOGIES INC., <br><br> Plaintiff, <br> v. <br><br> LENOVO GROUP LIMITED, <br><br> Defendant. | Case No. 2:23-cv-00449-JRG <br><br> **JURY TRIAL DEMANDED** |

**PLAINTIFF UNIVERSAL CONNECTIVITY TECHNOLOGIES INC.'S UNOPPOSED MOTION FOR THE ISSUANCE OF LETTER ROGATORY TO REQUEST THE PRODUCTION OF DOCUMENTS BY VIA LABS, INC. (TAIWAN)**

Plaintiff Universal Connectivity Technologies Inc. ("UCT") hereby requests that the Court issue a Letter Rogatory for international judicial assistance (the "Letter Rogatory") seeking assistance from the Courts of Taiwan to require VIA Labs, Inc. ("VIA"), located at 7F., No. 529-1, Zhongzheng Rd., Xindian Dist., New Taipei City 23165, Taiwan, to produce documents, as specified in Exhibit A.  Defendant Lenovo Group Limited ("Lenovo") does not oppose UCT's motion.

The issuance of this Letter Rogatory is necessary because the requested information is relevant to UCT's claims, Lenovo's defenses, and damages.  VIA is a supplier of components that are involved in the accused functionality in Lenovo's accused products. VIA thus has unique information relevant to the operation of the accused products.  UCT requests that the Court grant this motion and issue the Letter Rogatory.

**RELEVANT BACKGROUND**

UCT alleges that Lenovo infringes U.S. Patent Nos. 7,154,905 ("the '905 Patent"),

7,187,307 ("the '307 Patent"), 7,746,798 ("the '798 Patent"), 9,232,265 ("the '265 Patent"), 8,680,712 ("the '712 Patent"), 7,856,520 ("the '520 Patent"), 7,921,231 ("the '231 Patent"), and 9,852,103 ("the '103 Patent") (collectively, "the Asserted Patents"). Specifically, UCT alleges that Lenovo products (computers, monitors, and docking stations) that support certain USB, PCIe and DisplayPort standards infringe the patents-in-suit. Dkt. No. 1.

**Efforts to Obtain Discovery From VIA.** UCT served VIA with a subpoena at 7F., No. 529-1, Zhongzheng Rd., Xindian Dist., New Taipei City 23165, Taiwan on November 4, 2024 at 3:03 pm by serving Ms. Jung Lien, the person designated to accept service on behalf of VIA Labs, Inc..

## ARGUMENT

**I.    A LETTER ROGATORY IS A PROPER METHOD FOR A U.S. COURT TO SEEK DISCOVERY IN A FOREIGN JURISDICTION**

A letter rogatory is a formal written request sent by a court to a foreign court asking that a witness residing within that foreign court's jurisdiction either provide documents, a deposition, or both for use in a pending action before the requesting court. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 n.1 (2004); *Rockstar Consortium US LP v. Google Inc.*, No. 2:13-cv-00893-JRG-RSP, Dkt No. 125 (granting motion for issuance of letter rogatory for various Canadian entities) (E.D. Tex., Aug. 14, 2014); *Barnes & Noble, Inc. v. LSI Corp.*, No. 11–02709, 2012 WL 1808849, at *1-2 (N.D. Cal. May 17, 2012) (granting motion for issuance of letters rogatory seeking discovery from an entity in Taiwan); 8A Charles Alan Wright, Arthur R. Miller, & Richard L. Marcus, *Federal Practice & Procedure* § 2083 (3d ed. 2007). The decision to issue such a letter is within the Court's discretion, *U.S. v. Mason*, No. 89-5675, 1990 WL 185894, at *2 (4th Cir. Nov. 29, 1990), and the proper inquiry for issuance is whether the discovery sought complies with the liberal standard of Federal Rule of Civil Procedure 26. *DBMS Consultants Ltd.*

*v. Comp. Assocs. Int'l, Inc.*, 131 F.R.D. 367, 369 (D. Mass. 1990).

This Court "has the inherent authority" to issue letters of request for evidence to foreign tribunals. *SEC v. Leslie*, No. 07-03444, 2009 WL 688836, at *2 (N.D. Cal. Mar. 16, 2009); *Uniloc 2017 LLC v. Google LLC*, No. 2:18-cv-00553-JRG-RSP, Dkt. 112 (E.D. Tex. Nov 22, 2019) (issuing Request for International Judicial Assistance for the purposes of obtaining documents and testimony from a Korean entity); *see also* Restatement (Third) of Foreign Relations Law of the United States § 474(2) ("A United States district court, in order to obtain evidence for use in a proceeding before it, may . . . issue a letter rogatory requesting a court or other appropriate authority in a foreign state to direct the taking of evidence in that state . . . provided the procedure is not inconsistent with the law of the state where the evidence is to be taken.").

**II.    A LETTER ROGATORY IS APPROPRIATE UNDER TAIWANESE LAW**

The Letter Rogatory is an appropriate method of obtaining discovery of testimony from VIA. Judicial assistance between the United States and Taiwan is governed by Article 5 of the Vienna Convention on Consular Relations. *See* U.S. Dep't of State Legal Considerations for Japan; *see also* Vienna Convention on Consular Relations (1963), *available at* http://legal.un.org/ilc/texts/instruments/english /conventions/9_2_1963.pdf (last visited Nov. 22, 2024) (the "Convention"). Article 5(j) of the Convention acknowledges that the use of Letters Rogatory is an appropriate method of requesting evidence located in a foreign State. *See* Vienna Convention on Consular Relations (1963). Because VIA is based in Taiwan, and Taiwan is not a signatory to the Hague Convention on the Taking of Evidence Abroad in Civil and Criminal Matters, parties in the United States use letters rogatory to seek discovery from Taiwanese entities. *See* Fed. R. Civ. P. 4(f)(2)(B); 28 U.S.C. § 1651 (authorizing courts to issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law); 28 U.S.C. § 1781 (permitting "the transmittal of a letter rogatory or request directly from a

tribunal in the United States to the foreign or international tribunal, officer, or agency to whom it is addressed and its return in the same manner.").

### III. UCT SEEKS RELEVANT DISCOVERY FROM VIA VIA THE PROPOSED LETTER ROGATORY

The documents that UCT requests from VIA are highly relevant to UCT's infringement claims, Lenovo's defenses, and alleged damages. They are directed at fundamental issues of the structure and operation of the VIA components incorporated in the accused Lenovo products. Lenovo has identified the specific model numbers of relevant VIA components in response to UCT's interrogatories.

Accordingly, the discovery sought from VIA is at least relevant to the infringement issues. UCT's narrowly-tailored requests for production of documents by VIA are important to understanding the structure and operation of the VIA components. UCT has no other reasonable method of obtaining this discovery relating to the VIA components.

The documents sought by UCT from VIA are not available except by resort to the Letter Rogatory. VIA is not a party to this litigation or otherwise subject to this Court's authority. Therefore, obtaining the Letter Rogatory is the only viable channel for UCT to obtain this highly relevant information.

Accordingly, UCT requests that this Court grant this Unopposed Motion, endorse the attached Letter Rogatory, and direct the Clerk to place the Court's seal upon it and return it to counsel for UCT for delivery to the Central Authority in Taiwan.

Dated:  December 3, 2024                             Respectfully submitted,

 By: */s/ Brett Cooper*
Brett E. Cooper (NY SBN 4011011)
bcooper@bc-lawgroup.com
Seth R. Hasenour (TX SBN 24059910)
shasenour@bc-lawgroup.com
Jonathan Yim (TX SBN 24066317)
jyim@bc-lawgroup.com
Drew B. Hollander (NY SBN 5378096)
dhollander@bc-lawgroup.com
Ashley M. Ratycz (IL SBN 6330321)
aratycz@bclgpc.com

**BC LAW GROUP, P.C.**
200 Madison Avenue, 24ʰ Floor
New York, NY 10016
Telephone: (212) 951-0100

*Attorneys for Universal Connectivity Technologies Inc.*

**CERTIFICATE OF CONFERENCE**

The Parties have complied with the meet and confer requirement and the motion is submitted as unopposed.

                                                                             /s/ *Brett Cooper*
                                                                              Brett Cooper

**CERTIFICATE OF SERVICE**

I certify that this document is being served upon counsel of record on December 3, 2024 via electronic service.

                                                                             /s/ *Brett Cooper*
                                                                              Brett Cooper