# EXHIBIT 1

# DEFENDANT'S MOTION TO STRIKE INFRINGEMENT CONTENTIONS

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| UNIVERSAL CONNECTIVITY TECHNOLOGIES INC., <br><br> Plaintiff, <br><br> v. <br><br> LENOVO GROUP LIMITED, <br><br> Defendant. | Case No. 2:23-cv-00449-JRG <br><br> **JURY TRIAL DEMANDED** |

## PLAINTIFF'S DISCLOSURE OF ASSERTED CLAIMS AND INFRINGEMENT CONTENTIONS FOR DEFENDANT LENOVO GROUP LIMITED

Plaintiff Universal Connectivity Technologies Inc. ("UCT") hereby makes the following infringement disclosures with respect to United States Patent Nos. 7,154,905 ("the '905 Patent"), 7,187,307 ("the '307 Patent"), 7,746,798 ("the '798 Patent"), 9,232,265 ("the '265 Patent"), 8,680,712 ("the '712 Patent"), 7,856,520 ("the '520 Patent"), 7,921,231 ("the '231 Patent"), and 9,852,103 ("the '103 Patent") (collectively, the "Asserted Patents").

UCT's investigation is ongoing and discovery is in its preliminary stages. Accordingly, these disclosures are based on information available to UCT at this time. UCT reserves the right to supplement this disclosure after further discovery from Defendant and non-parties, particularly documents and other discovery regarding the Defendant's accused devices. UCT also reserves the right to assert additional claims of the Asserted Patent, accuse different products, or find alternative literal and/or equivalent infringing elements in Defendant's products.

A. **ASSERTED CLAIMS**

Defendant Lenovo Group Limited ("Lenovo") has infringed and continues to infringe at least the following claims of the Asserted Patents:

- **'905 Patent:** Claims 1-3, 5, 7-10, 12, 14-17, 20-23, and 26
- **'307 Patent:** Claims 1-4, 6-10, 21-26, 28, 29, 31, 33, 40-43, 45-47, 49, 53, 54, 58-60, 68-72, 74, 75, 77, 84-87, 89, 90, 92, 97, 99-101, 103, 104, 106, and 109
- **'798 Patent:** Claims 1-9, 11, 12, 14-26, and 28
- **'265 Patent:** Claims 1, 8, 11, and 14-16
- **'712 Patent:** Claims 1, 2, 5, 7, and 9
- **'520 Patent:** Claims 1-4, 6, 8-13, 15-16, 18-20, 23, and 25
- **'231 Patent:** Claims 1, 2, 10-14, and 16-18
- **'103 Patent:** Claims 1-3, 10-13, 17, and 20-22

UCT reserves the right to seek leave of court to add, delete, substitute, or otherwise amend this list of asserted claims should further discovery, the Court's claim construction, or other circumstances so merit.

B. **ACCUSED PRODUCTS**

The accused products include Lenovo products from at least the following product categories, as well as instrumentalities with reasonably similar functionality (collectively, the "Accused Products"): laptops, desktops, working stations, monitors, docking stations, and SSDs. The Accused Products include Lenovo products (such as laptops, desktops, monitors, docking stations, and/or SSDs) that support any of the following USB Implementers Forum and/or VESA standards: USB 3.0 or later, USB-C 1.0 or later, USB4 1.0 or later, USB Power Delivery 2.0 or later, DisplayPort 1.0 or later, DisplayPort Alt Mode 1.0 or later, HDMI Alt Mode for USB-C,

and/or PCIe 3.0 or later.  The specific Lenovo products within each of these product categories that UCT has identified based on publicly available information are listed in **Exhibit A**, attached hereto.  A chart identifying which of the Asserted Claims for each Asserted Patent are asserted against each product category is provided in **Exhibit B,** attached hereto.

Lenovo is accused of making, using, selling, offering for sale and/or importing the Accused Products.  Lenovo is also accused of infringing the Asserted Claims listed above under at least 35 U.S.C. § 271(a).  For example, Lenovo has and continues to directly infringe the Asserted Claims by making, using, selling, offering for sale, and/or importing the Accused Products.

UCT reserves the right to amend this list of accused instrumentalities, as well as other information contained in this document and the exhibits hereto, to incorporate new information learned during the course of discovery, including, but not limited to, the inclusion of newly released products, versions, or any other equivalent or infringing devices ascertained through discovery.  Further, to the extent any Accused Products have gone through or will go through name changes, but were or will be used or sold with the same accused features, earlier corresponding products under different names also are accused.

**C.    CLAIM CHARTS AND DIRECT INFRINGEMENT**

Claim charts identifying a location of every element of every asserted claim of the Asserted Patent within Accused Products are attached hereto as Exhibits C-K.  UCT reserves the right to amend these claim charts, as well as other information contained in this document and the exhibits hereto, to incorporate new information learned during the course of discovery, including but not limited to information that is not publicly available or readily discernible without discovery.  UCT further reserves the right to amend these claim charts, as well as other information contained in this document and the exhibits attached hereto.  In an effort to focus the issues, UCT

identifies exemplary evidence for each claim limitation. The evidence cited for a particular limitation should be considered in light of the additional evidence cited for the other claim limitations. UCT reserves the right to rely on evidence cited for any particular limitation of an asserted claim for any other limitation asserted for that claim.

UCT's citation of portions of the standards documents in its claim charts should not be interpreted to limit UCT's infringement proof in expert reports or at trial in any way. UCT's citation of portions of the standards provides detailed notice of UCT's theory of infringement, but UCT intends to rely on additional evidence including, but not limited to, data sheets, design specifications, source code, testing information, reference designs, implementation and utilization information, and/or schematics as proof of infringement in expert reports and at trial.

For the avoidance of any doubt, UCT's infringement contentions served herein provide sufficient disclosure under the Patent Local Rules. UCT is not relying on section 3(a)(i) of the Model Discovery Order in order to satisfy disclosure obligations with respect to infringement contentions.

Lenovo makes, has made, uses, has used, imports, has imported, offers to sell, has offered to sell, sells and/or has sold the Accused Products and has directly infringed and continues to directly infringe each of the asserted claims as specified in Exhibits C-K. With respect to the asserted method claims, as further specified in Exhibits C-K, the claimed method is performed by Lenovo when the functionality is activated as part of Lenovo services related to the Accused Products, as part of design and development activities, testing, and/or are otherwise operated by Lenovo including for, or on behalf of, users. Lenovo directly infringes the asserted method claims because it performs each limitation of the claimed method. When Lenovo or its customers and/or users turn on and use the Accused Products in the U.S., or when the Accused Products are tested

in the U.S., the claimed methods are performed in the U.S. and thus directly infringed under 35 U.S.C. 271(a). Lenovo designs the Accused Products such that users will naturally use them in a way that infringes the asserted claims. Lenovo directly infringes and practices the asserted method claims by controlling the operations of the functionality on the accused products and directs and controls the functionality in a manner that is directly liable for practicing the asserted methods.

Lenovo also is a direct infringer under 35 U.S.C. §271(a) of the asserted method and apparatus claims because Lenovo controls and/or directs third parties, including Lenovo's customers and authorized retailers and servicers, to use the methods and apparatuses, for example via the pre-installed functionality, Lenovo's remote services, and all other Lenovo software that run on the Accused Products. Lenovo conditions use and receipt of the benefit of the claimed methods and apparatuses on use of the Accused Products in an infringing manner, and Lenovo establishes the manner and/or timing of doing so, by way of the foregoing conduct, thus further establishing Lenovo as a direct infringer under 35 U.S.C. §271(a).

To the extent it is argued that an entity other than Lenovo performs or satisfies one or more limitations of an asserted claim(s), UCT asserts that Lenovo is also liable for direct infringement because it exercises direction and control (*e.g.*, through an agent, contractual relationship, the conditioning of participation in an activity or receipt of a benefit upon performance of a step or steps of a patented method and establishment of the manner or timing of that performance, a joint enterprise, etc.) over the performance of the claimed limitations.

D.     **LITERAL INFRINGEMENT AND DOCTRINE OF EQUIVALENTS**

UCT asserts that, under the proper construction of the asserted claims and their claim terms, the limitations of the asserted claims of the Asserted Patent are literally present in the Accused Products or acts accused of infringing the claim, as set forth in the claim charts attached hereto as

5

Exhibits C-K. UCT also contends that any and all elements found not to be literally infringed are infringed under the doctrine of equivalents because the differences between the claimed inventions and the Accused Products, if any, are insubstantial.

UCT's contention is that each limitation is literally met, and necessarily also would be met under the doctrine of equivalents because there are no substantial differences at all between the Accused Products and the claims, in function, way, or result. As such, UCT's current description of the function, way, and result for each limitation would be the same as the claim language itself. If Lenovo attempts to argue that there is no infringement literally and also no infringement under doctrine of equivalents and attempts to draw any distinction between the claimed functionality and the functionality in the Accused Products, then UCT reserves its right to rebut the alleged distinction as a matter of literal infringement and/or as to whether any such distinction is substantial under the doctrine of equivalents.

UCT reserves the right to amend its Infringement Contentions as to literal infringement or infringement under the doctrine of equivalents in light of new information learned during the course of discovery and the Court's claim construction.

E.    **INDIRECT INFRINGEMENT**

Lenovo has induced and/or contributed to infringement, and will continue to induce and/or contribute to infringement, of the asserted claims of the Asserted Patents for at least the following reasons. At the very least, Lenovo has had knowledge of all of the Asserted Patents at least as of September 28, 2023, when the complaint in the above-captioned action was filed. Despite this knowledge of the Asserted Patents, Lenovo continues to actively encourage and instruct its customers to use the Accused Products in ways that directly infringe the Asserted Patent. For example, Lenovo instructs its customers on how to use the Accused Products in an infringing

manner. Lenovo also instructs, promotes, and encourages features of the Accused Products that infringe the Asserted Patent, such as through the use of the accused features. Lenovo engages in many activities that encourage its customers to infringe the Accused Products, including (i) advertising and promotion efforts for the products; (ii) the publication of demonstrational videos concerning the products; and (iii) the publication of data sheets that purport to describe alleged benefits customers will derive from embracing the products. Through at least these activities, Lenovo specifically intends that its customers directly infringe the Asserted Patents.

Lenovo has contributorily infringed, and will continue to contributorily infringe the asserted claims of the Asserted Patent for at least the following reasons. Lenovo sells, offers for sale, and/or imports into the United States the Accused Products knowing that the Accused Products constitute a material part of the inventions of the asserted claims, thus contributing to infringement under 35 U.S.C. § 271(c), (f). The Accused Products are known by Lenovo to be especially made or especially adapted for use in infringement of the asserted claims, and are not a staple article or commodity of commerce suitable for substantial noninfringing uses. Lenovo has knowledge of the asserted claims at least as of the filing of the complaint. Lenovo provides to its customers (direct infringers) these Accused Products. Lenovo is thus liable for infringement of the asserted claims directly and indirectly including for inducement and contributory infringement. *See* 35 U.S.C. §§271(a)-(c), (f).

UCT further incorporates by reference its Complaint and any amendments thereto.

### F. PRIORITY DATE

The Asserted Patents are entitled to at least the following priority dates:

- **'905 Patent:** U.S. Patent No. 7,154,905 was filed as U.S. Patent Application No. 10/035,911 on November 7, 2001. Each asserted claim of the '905 Patent is entitled to at least a priority date of November 22, 2000.

- **'307 Patent:** U.S. Patent No. 7,187,307 was filed as U.S. Patent Application No. 10/459,989 on June 12, 2003. Each asserted claim of the '307 Patent is entitled to at least a priority date of June 12, 2003.

- **'798 Patent:** U.S. Patent No. 7,746,798 was filed as U.S. Patent Application No. 10/045,625 on November 7, 2001. Each asserted claim of the '798 Patent is entitled to at least a priority date of November 22, 2000.

- **'265 Patent:** U.S. Patent No. 9,232,265 was filed as U.S. Patent Application No. 13/434,273 on March 29, 2012. Each asserted claim of the '265 Patent is entitled to at least a priority date of March 31, 2011.

- **'712 Patent:** U.S. Patent No. 8,680,712 was filed as U.S. Patent Application No. 12/636,063 on December 11, 2009. Each asserted claim of the '712 Patent is entitled to at least a priority date of December 11, 2008.

- **'520 Patent:** U.S. Patent No. 7,856,520 was filed as U.S. Patent Application No. 11/969,852 on January 4, 2008. Each asserted claim of the '520 Patent is entitled to at least a priority date of January 4, 2008.

- **'231 Patent:** U.S. Patent No. 7,921,231 was filed as U.S. Patent Application No. 11/969,865 on January 4, 2008. Each asserted claim of the '231 Patent is entitled to at least a priority date of January 4, 2008.

- **'103 Patent:** U.S. Patent No. 9,852,103 was filed as U.S. Patent Application No. 14/681,992 on April 8, 2015. Each asserted claim of the '103 Patent is entitled to at least a priority date of April 14, 2014.

## G. PRACTICING PRODUCTS

UCT does not currently contend that any of its own apparatuses, products, or devices practices any of the asserted claims, but reserves the right to modify or amend its response as discovery progresses.

## H. UCT DOCUMENT PRODUCTION

UCT is producing or making available for inspection documents that are in UCT's possession, custody or control as set forth in Patent Local Rule 3-2. A Production Index identifying these documents is below.

This preliminary identification of documents is for convenience and is not an admission that each document falls within any exemplary categories in the Patent Local Rules, or that any document qualifies as prior art. UCT reserves its right to add to, delete from, or otherwise modify its disclosures in this section as its investigation proceeds.

**UCT PRODUCTION INDEX**

**P.R. 3-2(a):**

| Bates Begin | Bates End |
|---|---|
| N/A | |

**P.R. 3-2(b):**

| Bates Begin | Bates End |
|---|---|
| N/A | |

**P.R. 3-2(c):**

| Bates Begin | Bates End |
|---|---|
| UCT-LENOVO-00004970 | UCT-LENOVO-00008757 |

Dated: May 15, 2024

Respectfully submitted,

By: /s/ Brett E. Cooper
Brett E. Cooper (NY SBN 4011011)
bcooper@bc-lawgroup.com
Seth Hasenour (TX SBN 24059910)
shasenour@bc-lawgroup.com
Jonathan Yim (TX SBN 24066317)
jyim@bc-lawgroup.com
Drew B. Hollander (NY SBN 5378096)
dhollander@bc-lawgroup.com
Ashley M. Ratycz (IL SBN 6330321)
aratycz@bclgpc.com

**BC LAW GROUP, P.C.**
200 Madison Avenue, 24th Floor
New York, NY 10016
Tel.: (212) 951-0100

***Attorneys for Plaintiff Universal Connectivity Technologies Inc.***

## CERTIFICATE OF SERVICE

I certify that this document is being served upon counsel of record for Defendant on May 15, 2024 via electronic mail.

/s/ Drew B. Hollander
Drew B. Hollander

10