# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| UNIVERSAL CONNECTIVITY TECHNOLOGIES INC., <br><br> Plaintiff, <br><br> v. <br><br> LENOVO GROUP LIMITED, <br><br> Defendant. | Case No. 2:23-cv-00449-JRG <br><br> **JURY TRIAL DEMANDED** |

**PLAINTIFF'S MOTION FOR LEAVE TO
EFFECTUATE SERVICE OF SUBPOENA TO REALTEK BY ALTERNATIVE MEANS**

**TABLE OF CONTENTS**

I.   INTRODUCTION ........................................................................................................... 1

II.  FACTUAL BACKGROUND .......................................................................................... 2

III. LEGAL STANDARD ..................................................................................................... 3

IV.  ARGUMENT .................................................................................................................. 5

    A.  The Circumstances of the Case Warrant Alternative Service by Registered Mail ..................................................................................................................... 5

    B.  In Addition to Service by Registered Mail, Service on Realtek's U.S. Litigation Counsel will Ensure that Realtek Receives Notice of the Subpoena. ................................................................................................................ 6

V.   CONCLUSION ............................................................................................................... 7

i

## TABLE OF AUTHORITIES

**Cases**

*Al-Saadi v. Annchery Fajas USA, Inc.*,
   No. 20-23937-CIV, 2022 WL 898562 (S.D. Fla. Mar. 25, 2022) .................................................3

*Fourte Int'l Ltd. BVI v. Pin Shine Indus. Co., Ltd.*,
   No. 18-cv-297-BAS-BGS, 2019 WL 246562 (S.D. Cal. Jan. 17, 2019) ....................................6

*Fujitsu Ltd. v. Belkin Int'l, Inc.*,
   No. 10-cv-03972-LHK, 2011 WL 3903232 (N.D. Cal. Sept. 6, 2011) .......................................5

*Green v. Baca*,
   No. 02-04744, 2005 WL 283361 (C.D. Cal. Jan. 31, 2005) .........................................................4

*In re Subpoena to Huawei Techs. Co.*,
   720 F. Supp. 2d 969 (N.D. Ill. June 2, 2010) ...............................................................................3

*In re Subpoena to VaughnPerling*,
   No. 19-mc-00083, 2019 WL 8012372 (C.D. Cal. Dec. 2, 2019) .................................................4

*In re TFT–LCD (Flat Panel) Antitrust Litig.*,
   270 F.R.D. 535 (N.D. Cal. Nov. 2, 2010) ................................................................................1, 6

*Intelligender, LLC v. Soriano*,
   No. 2:10-cv-125-JRG, 2012 WL 215066 (E.D. Tex. Jan. 24, 2012) ..........................................5

*Ott v. City of Milwaukee*,
   682 F.3d 552 (7th Cir. 2012) ........................................................................................................4

*Paisley Park Enters., Inc. v. Boxill*,
   No. 17-1212, 2019 WL 1036059 (D. Minn. Mar. 5, 2019) .........................................................3

*ParkerVision, Inc. v. Realtek Semiconductor Corp.*,
   No. 6-23-cv-00374-ADA (W.D. Tex.) ....................................................................................2, 6

*Polargrid LLC v. Videsh Sanchar Nigam Ltd.*,
   2006 WL 903194 (S.D.N.Y. April 6, 2006) .................................................................................5

*Sanchez Y Martin, S.A. de C.V. v. Dos Amigos, Inc.*,
   No. 17CV1943, 2018 WL 2387580 (S.D. Cal. May 24, 2018) ...................................................3

*SignalQuest, Inc. v. Tien-Ming Chou & Oncque Corp.*,
   284 F.R.D. 45 (D.N.H. May 22, 2012) .........................................................................................5

*STC.UNM v. Apple Inc.*,
   No. 6:19-cv-428-ADA, Dkt. No. 27 (W.D. Tex. Nov. 3, 2019) .............................................2, 3

*Stingray IP Sols., LLC v. TP-Link Techs. Co.*,
    No. 2:21-CV-00045-JRG, 2021 WL 6773096 (E.D. Tex. Nov. 19, 2021) .................................7

*TASER Int'l, Inc. v. PhaZZer Elecs., Inc.*,
    No. 6:16-cv-366-Orl-40KRS, 2016 WL 7137560 (M.D. Fla. Oct. 5, 2016)..............................5

*Vista Peak Adventures, LLC v. GiantPlus Tech. Co.*,
    No. 2:19-cv-185-JRG, 2019 WL 4039917 (E.D. Tex. Aug. 27, 2019) ...................................4, 5

*Wakefield v. City of Pembroke Pines*,
    No. 05-61536, 2006 WL 8453004 (S.D. Fla. June 8, 2006).........................................................3

*West v. Velo Enter. Co., Ltd.*,
    No. 5:13-cv-00024-OLG, 2013 WL 12086781 (W.D. Tex. Aug. 29, 2013)..............................5

*WorldVentures Holdings, LLC v. Mavie*,
    No. 4:18-CV-393-LM, 2018 WL 6523306 (E.D. Tex. Dec. 12, 2018).......................................6

## **Rules**

Fed. R. Civ. P. 1...............................................................................................................................1

Fed. R. Civ. P. 4..........................................................................................................1, 3, 4, 5, 6

Fed. R. Civ. P. 45.............................................................................................................................3

Tex. Disciplinary Rule of Professional Conduct 1.03 ....................................................................6

I.      **INTRODUCTION**

Plaintiff Universal Connectivity Technologies Inc. ("UCT") respectfully requests that the Court provide leave for UCT to serve its subpoena on third-party Realtek Semiconductor Corp. ("Realtek") by alternative means.[1]  Specifically, UCT seeks leave to serve Realtek through registered mail and by serving Realtek's U.S. litigation counsel by email.  Defendant Lenovo Group Ltd. ("Lenovo") takes no position on the relief requested in this Motion.

Realtek is a foreign corporation organized under the laws of Taiwan.  As such, UCT initiated the steps required to effect service through a letter rogatory for its request for documents and source code related to Realtek components used in the accused Lenovo products.  Dkt. No. 63.  On December 6, 2024, the Court granted UCT's Unopposed Motion for the Issuance of Letter Rogatory to Request the Production of Documents by Realtek Semiconductor Corp. (Taiwan).  Dkt. No. 66.  Despite UCT's diligent efforts to pursue discovery through the letter rogatory, Realtek has not yet responded and the letters rogatory process may take four to seven months to complete.  *See, e.g.*, *In re TFT–LCD (Flat Panel) Antitrust Litig.*, 270 F.R.D. 535, 537 (N.D. Cal. Nov. 2, 2010) (explaining that the letters rogatory process would take at least four to seven months to complete).  While permitted under the Federal Rules and Taiwanese law, letters rogatory are not mandatory.  *See id*. at 537-38 ("In light of the availability of alternative, speedier relief under Rule 4(f)(3), the Court finds that there is no reason to require service through letters rogatory in the instant action, particularly given the stage of the litigation . . . .").  Here, the letter rogatory process is thwarting the "just, speedy, and inexpensive" determination of this action.  *See* Fed. R. Civ. P. 1.  Waiting for Realtek to complete the letter rogatory process is especially prejudicial to UCT given the upcoming May 30, 2025 fact discovery deadline.

---

[1] UCT's proposed subpoena to Realtek is attached to this Motion as Exhibit A.

As an alternative to the letter rogatory process, courts authorize service of a subpoena in Taiwan by alternative means. *See, e.g.*, Ex. B, *STC.UNM v. Apple Inc.*, No. 6:19-cv-428-ADA, Dkt. No. 27 (W.D. Tex. Nov. 3, 2019). Under the facts and circumstances of this case, alternative service is justified. In addition, either of the requested means of service is sufficient to apprise Realtek of the subpoena and afford an opportunity to present its objections. UCT's motion for alternative service should be granted.

## II.     FACTUAL BACKGROUND

UCT alleges that Lenovo infringes U.S. Patent Nos. 7,154,905 ("the '905 Patent"), 7,187,307 ("the '307 Patent"), 7,746,798 ("the '798 Patent"), 9,232,265 ("the '265 Patent"), 8,680,712 ("the '712 Patent"), 7,856,520 ("the '520 Patent"), 7,921,231 ("the '231 Patent"), and 9,852,103 ("the '103 Patent") (collectively, "the Asserted Patents"). Specifically, UCT alleges that Lenovo products (computers, monitors, and docking stations) that support certain USB, PCIe and DisplayPort standards infringe the patents-in-suit. Dkt. No. 1. Lenovo has identified specific model numbers of relevant Realtek components in response to UCT's interrogatories. Hasenour Decl. ¶ 6.

On October 23, 2024, UCT attempted to serve Realtek with a subpoena at No. 2, Innovation Road II, Hsinchu Science Park, Hsinchu 300, Taiwan, R.O.C. by serving Ms. Myung Li, the person designated to accept service on behalf of Realtek, but Ms. Li refused to accept service. Hasenour Decl. ¶ 7. In addition, on November 18, 2024, UCT emailed the subpoena to Realtek's U.S. counsel, Lisa Nguyen at Paul Hastings, in the ongoing action *ParkerVision, Inc. v. Realtek Semiconductor Corp.*, No. 6-23-cv-00374-ADA (W.D. Tex.), but did not receive a response. Hasenour Decl. ¶ 8.

On December 6, 2024, the Court granted UCT's Unopposed Motion for the Issuance of

Letter Rogatory to Request the Production of Documents by Realtek Semiconductor Corp. (Taiwan). Dkt. No. 66. However, Realtek has not yet responded, and the deadline to complete fact discovery is May 30, 2025. Dkt. No. 27 at 4.

Realtek represents that "it has sales or R&D teams in … the United States." Ex. C at 4. In addition, Realtek has subsidiaries located in the United States, including Ubilinx Technology Inc. and Cortina Access, Inc. *Id.* at 108. Moreover, numerous individuals located in the United States list their employer as Realtek on LinkedIn. Ex. D.

### III.  LEGAL STANDARD

Under Rule 45, service of a subpoena "requires delivering a copy [of the subpoena] to the named person." Fed. R. Civ. P. 45(b)(1). While the rule does not describe how to serve corporate or foreign "persons," Rule 4—which governs service of summons—does. *See* Fed. R. Civ. P. 4(f) (serving an individual in a foreign country), 4(h) (serving a corporation). Accordingly, courts use Rule 4 to "fill the gaps" in Rule 45. *See, e.g.*, *Al-Saadi v. Annchery Fajas USA, Inc.*, No. 20-23937-CIV, 2022 WL 898562, at *1 (S.D. Fla. Mar. 25, 2022); Ex. B, *STC.UNM v. Apple Inc.*, No. 6:19-cv-428-ADA, Dkt. No. 27; *In re Subpoena to Huawei Techs. Co.*, 720 F. Supp. 2d 969, 972 (N.D. Ill. June 2, 2010); *Wakefield v. City of Pembroke Pines*, No. 05-61536, 2006 WL 8453004, at *1 (S.D. Fla. June 8, 2006) ("Because Rule 45 does not specify what constitutes personal service on a corporation, courts looks to [Rule 4] for guidance."); *see also Sanchez Y Martin, S.A. de C.V. v. Dos Amigos, Inc.*, No. 17CV1943, 2018 WL 2387580, at *3 (S.D. Cal. May 24, 2018) ("Rule 45 does not specify what constitutes personal service on a corporation in the United States or in a foreign country. To fill this gap, courts have relied upon the service of process requirements on corporations set forth in Rule 4 of the Federal Rules of Civil Procedure."); *Paisley Park Enters., Inc. v. Boxill*, No. 17-1212, 2019 WL 1036059, at *3 (D. Minn. Mar. 5, 2019)

3

(same); *Ott v. City of Milwaukee*, 682 F.3d 552, 557 (7th Cir. 2012) (holding that Rule 45 authorizes service of a subpoena by certified mail based on comparison to Rule 4); *In re Subpoena to VaughnPerling*, No. 19-mc-00083, 2019 WL 8012372, at *4 (C.D. Cal. Dec. 2, 2019) ("[T]he court sees no policy distinction between Rules 4, 5 and 45, such that service other than personal service should be sufficient under the first two but not the third." (quoting *Green v. Baca*, No. 02-04744, 2005 WL 283361, at *1 n.1 (C.D. Cal. Jan. 31, 2005)))..

Pursuant to Federal Rule of Civil Procedure 4(h)(2), a "foreign corporation, or a partnership or other unincorporated association" located outside the United States must be served "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)." In turn, Rule 4(f) provides that service may be accomplished by one of three methods: "(1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents," "(2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice" or "(3) by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(1)-(3).

Under Rule 4(f)(2)(C)(ii), "unless prohibited by [Taiwan's] law," a corporation may be served in Taiwan "using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt." Taiwanese law does not prohibit service by registered mail. *See Vista Peak Adventures, LLC v. GiantPlus Tech. Co.*, No. 2:19-cv-185-JRG, 2019 WL 4039917, at *2 (E.D. Tex. Aug. 27, 2019) ("[T]he Court finds that Taiwanese law does not prohibit service of process by mail. . . . Therefore, VPV may effectively serve GiantPlus via registered mail from this Court's Clerk under Rule 4(f)(2)(C)(ii).").

IV.    ARGUMENT

    A.    **The Circumstances of the Case Warrant Alternative Service by Registered Mail.**

First, UCT requests leave to serve Realtek with its subpoena by sending the subpoena by a form of mail that the clerk addresses that requires a signed receipt to Realtek's headquarters at No. 2, Innovation Road II, Hsinchu Science Park, Hsinchu 300, Taiwan, R.O.C.

UCT may effect service by requesting the court clerk to mail service to Realtek, so long as it is not expressly prohibited by Taiwanese law. *See* Fed. R. Civ. P. 4(f)(2)(C)(ii); *see also Vista Peak*, 2019 WL 4039917, at *2; *Intelligender, LLC v. Soriano*, No. 2:10-cv-125-JRG, 2012 WL 215066, at *2 (E.D. Tex. Jan. 24, 2012) (citing *Polargrid LLC v. Videsh Sanchar Nigam Ltd.*, 2006 WL 903194, *6-7 (S.D.N.Y. April 6, 2006)). Taiwanese law does not prohibit service by registered mail. *See Vista Peak*, 2019 WL 4039917, at *2 ("[T]he Court finds that Taiwanese law does not prohibit service of process by mail. . . . Therefore, VPV may effectively serve GiantPlus via registered mail from this Court's Clerk under Rule 4(f)(2)(C)(ii)."); *West v. Velo Enter. Co., Ltd.*, No. 5:13-cv-00024-OLG, 2013 WL 12086781, at *2 (W.D. Tex. Aug. 29, 2013) (finding that service of process by mail is not prohibited by Taiwanese law); *accord TASER Int'l, Inc. v. PhaZZer Elecs., Inc.*, No. 6:16-cv-366-Orl-40KRS, 2016 WL 7137560, at *2-3 (M.D. Fla. Oct. 5, 2016); *SignalQuest, Inc. v. Tien-Ming Chou & Oncque Corp.*, 284 F.R.D. 45, 48 (D.N.H. May 22, 2012); *Fujitsu Ltd. v. Belkin Int'l, Inc.*, No. 10-cv-03972-LHK, 2011 WL 3903232 (N.D. Cal. Sept. 6, 2011).

UCT's diligent attempts to obtain the relevant discovery from Realtek have thus far been ignored. First, Realtek failed to respond to UCT's attempt to serve Realtek in Taiwan on October 23, 2024. Second, Realtek failed to respond to UCT's email to Realtek's U.S. litigation counsel. UCT thereafter expended significant monetary resources attempting to effect service through the

letter rogatory process. However, the letter rogatory process is time-consuming and may not be completed before the deadline for the close of fact discovery in this case. In order for UCT to obtain the relevant discovery from Realtek in a timely manner that does not impact the current case schedule, UCT requires further assistance from the Court. Accordingly, service of process by registered mail is appropriate at this time.

> **B.    In Addition to Service by Registered Mail, Service on Realtek's U.S. Litigation Counsel will Ensure that Realtek Receives Notice of the Subpoena.**

In addition to serving Realtek in Taiwan through registered mail, UCT proposes serving Realtek by emailing its U.S. litigation counsel, Lisa Nguyen at Paul Hastings, in the ongoing action *ParkerVision, Inc. v. Realtek Semiconductor Corp.*, No. 6-23-cv-00374-ADA (W.D. Tex.). Notably, Ms. Nguyen has signed pleadings on behalf of Realtek in that action as recently as Nov. 7, 2024. *Id.* at Dkt. No. 76.

"[C]ourts routinely direct service on an international defendant's counsel under Rule 4(f)(3)." *WorldVentures Holdings, LLC v. Mavie*, No. 4:18-CV-393-LM, 2018 WL 6523306, at *14 (E.D. Tex. Dec. 12, 2018) (collecting cases). Courts also authorize service of a Taiwanese entity's U.S. counsel. *See Fourte Int'l Ltd. BVI v. Pin Shine Indus. Co., Ltd.*, No. 18-cv-297-BAS-BGS, 2019 WL 246562, at *3 (S.D. Cal. Jan. 17, 2019) (authorizing service on Taiwanese entity's U.S. counsel by email); *TFT–LCD*, 270 F.R.D. at 537 (permitting email service on Taiwanese entity's U.S. counsel).

As Realtek's outside legal counsel, Ms. Nguyen is obligated to remain in active communication with Realtek in order to adequately represent her client. *See, e.g.*, Tex. Disciplinary Rule of Professional Conduct 1.03. Ms. Nguyen is well-situated to apprise her client Realtek of the subpoena and afford Realtek an opportunity to respond. *See Stingray IP Sols., LLC v. TP-Link Techs. Co.*, No. 2:21-CV-00045-JRG, 2021 WL 6773096, at *4 (E.D. Tex. Nov. 19,

2021) (service "upon Fish & Richardson P.C. as U.S. counsel for TP-Link Tech. is reasonably calculated to notify the Defendants of the action and afford them an opportunity to respond."). Accordingly, service of process by emailing its U.S. litigation counsel is appropriate at this time to ensure that Realtek receives notice of the subpoena.

## V.     CONCLUSION

For the reasons stated above, UCT respectfully requests an order permitting it to serve its subpoena to Realtek (1) by sending the subpoena by a form of mail that the clerk addresses that requires a signed receipt to Realtek's headquarters at No. 2, Innovation Road II, Hsinchu Science Park, Hsinchu 300, Taiwan, R.O.C.; and (2) by emailing its U.S. litigation counsel, Lisa Nguyen at Paul Hastings.

Dated: January 22, 2025

Respectfully submitted,

By: */s/ Brett E. Cooper*
Brett E. Cooper (NY SBN 4011011)
bcooper@bc-lawgroup.com
Seth R. Hasenour (TX SBN 24059910)
shasenour@bc-lawgroup.com
Jonathan Yim (TX SBN 24066317)
jyim@bc-lawgroup.com
Drew B. Hollander (NY SBN 5378096)
dhollander@bc-lawgroup.com

**BC LAW GROUP, P.C.**
200 Madison Avenue, 24th Floor
New York, NY 10016
Tel.: (212) 951-0100
Fax: (646) 293-2201

*Attorneys for Plaintiff Universal Connectivity Technologies Inc.*

7

## CERTIFICATE OF SERVICE

The undersigned certifies that counsel of record are being served with a copy of the foregoing document on January 22, 2025, via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Brett E. Cooper*
Brett E. Cooper

## CERTIFICATE OF CONFERENCE

The undersigned certifies that, on January 21, 2025, the parties met and conferred regarding the relief requested in this motion and that Defendant stated that it does not take any position on the relief requested in this Motion.

*/s/ Brett E. Cooper*
Brett E. Cooper
