# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| UNIVERSAL CONNECTIVITY TECHNOLOGIES INC., | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CIVIL ACTION NO. 2:23-CV-00449-JRG |
| LENOVO GROUP LIMITED, | § § § | |
| *Defendant*. | § § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Motion for Leave to Effectuate Service of Subpoena to Realtek by Alternative Means (the "Motion") filed by Plaintiff Universal Connectivity Technologies Inc. ("Plaintiff"). (Dkt. No. 82.) In the Motion, Plaintiff seeks leave to effect alternative service of a third-party subpoena on Realtek Semiconductor Corp. ("Realtek") by serving (1) Realtek through registered mail and (2) Realtek's U.S. litigation counsel by email. Having considered the Motion, the Court finds that it should be and hereby is **GRANTED**.

I.  **BACKGROUND**

Plaintiff filed the above-captioned case on September 28, 2023, alleging that Defendant Lenovo Group Limited ("Defendant") infringes eight United States patents. (Dkt. No. 1.) Plaintiff alleges that Defendant's products that support certain standards infringe the asserted patents. (*Id.*) Defendant "has identified specific model numbers of relevant Realtek components." (Dkt. No. 82 at 2.)

Realtek is a Taiwanese corporation, with its principal place of business located at No. 2, Innovation Road II, Hsinchu Science Park, Hsinchu 300, Taiwan, R.O.C. (*Id.* at 1, 5; *see also* https://www.realtek.com/Article/Index?menu_id=416&lang=en-GB.) On October 23, 2024,

Plaintiff attempted to serve Realtek with a subpoena in Taiwan, but Realtek refused to accept service. (*Id.*) On November 18, 2024, Plaintiff "emailed the subpoena to Realtek's U.S. counsel, Lisa Nguyen at Paul Hastings, in the ongoing action *ParkerVision, Inc. v. Realtek Semiconductor Corp.*, No. 6-23-cv-00374-ADA (W.D. Tex.), but did not receive a response." (*Id.*) On December 6, 2024, the Court granted Plaintiff's motion for issuance of a letter rogatory to obtain documents from Realtek. (Dkt. No. 66.) Plaintiff represents that Realtek has not yet responded to its letter rogatory. (Dkt. No. 82 at 3.)

Defendant took no position on the relief Plaintiff requests in the Motion. (*Id.* at 1.) Realtek did not appear in the above-captioned case to respond to the Motion.

## II.   LEGAL STANDARD

The Federal Rules of Civil Procedure state that a foreign corporation served outside the United States must be served "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)." Fed. R. Civ. P. 4(h)(2). Federal Rule of Civil Procedure 4(f) provides that an individual in a foreign country may be served as follows:

> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
>
>> (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
>>
>> (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
>>
>> (C) unless prohibited by the foreign country's law, by:
>>
>>> (i) delivering a copy of the summons and of the complaint to the individual personally; or

>> (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or

(3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f).

Rule 4(f)(3)—authorizing court-ordered service "by other means not prohibited by international agreement"—is "not a 'last resort' or a type of 'extraordinary relief' for a plaintiff seeking to serve process on a foreign defendant." *In re OnePlus Tech. (Shenzhen) Co., Ltd.*, 2021 WL 4130643, at *3 (Fed. Cir. Sept. 10, 2021). To the contrary, Rule 4(f)(3) "stands independently, on equal footing" with other methods of service under Rule 4(f). *Id.* (quoting *Nuance Comm'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1239 (Fed. Cir. 2010)). However, courts must be mindful that "Rule 4(f)(3) was not meant to displace the other rules for service in every instance in which alternative means of service are seen as more convenient." *Id.*

Accordingly, courts typically order service under Rule 4(f)(3) after considering the delay and expense of conventional means of service in conjunction with other special circumstances that justify court intervention. *Id.*; *see also SIMO Holdings, Inc. v. Hong Kong uCloudlink Network Tech. Ltd.*, No. 2:20-cv-00003-JRG, 2020 WL 6578411, at *1 (E.D. Tex. June 15, 2020) (noting that the plaintiffs had attempted service through the Hague Convention before seeking leave for alternative service). District courts are granted broad discretion in making such a determination. *OnePlus*, 2021 WL 4130643, at *3-4.

### III.    DISCUSSION

The Court recognizes and appreciates that Plaintiff has made three separate and independently reasonable attempts at conventional service. First, Plaintiff attempted to serve Realtek with a subpoena in Taiwan, which Realtek rejected. (Dkt. No. 82 at 2.) Second, Plaintiff emailed Realtek's active counsel in another pending case a copy of the subpoena, to which Plaintiff

has not received a response. (*Id.*) Third, Plaintiff sought and obtained a letter rogatory from the Court. (*Id.* at 3.) All of Plaintiff's attempts have been unavailing. Plaintiff's Motion seeks alternative service to limit any further delay, as the deadline to complete fact discovery is May 30, 2025. (*Id.*)

      **A.**    **Service by Registered Mail is Justified and Comports with Due Process**

Plaintiff moves for "leave to serve Realtek with its subpoena by sending the subpoena by a form of mail that the clerk addresses that requires a signed receipt to Realtek's headquarters at No. 2, Innovation Road II, Hsinchu Science Park, Hsinchu 300, Taiwan, R.O.C." (*Id.* at 5-6.)

Rule 4(f)(2)(C)(ii) specifies that "unless prohibited by the foreign country's law," an individual may be served "using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt." Fed. R. Civ. P. 4(f)(2)(C)(ii). Here, Realtek is a corporation organized under the laws of Taiwan. Taiwanese law does not prohibit service by mail. *Vista Peak Adventures, LLC v. GiantPlus Tech. Co.*, No. 2:19-cv-185-JRG, 2019 WL 4039917, *2-3 (E.D. Tex. Aug. 27, 2019). Since an international agreement does not prohibit service through mail, the Court, within its discretion, can authorize this method of alternative service if it satisfies the constitutional requirements of due process. The Court finds that service by mail through the clerk of Court is reasonably calculated to give Realtek notice of the subpoena and give Realtek adequate time to present its objections.

      **B.**    **Email Service on Realtek's Counsel is Justified and Comports with Due Process**

Plaintiff also, in addition to alternative service through registered mail, moves for leave to serve "Realtek by emailing its U.S. litigation counsel, Lisa Nguyen at Paul Hastings, in the ongoing action *ParkerVision, Inc. v. Realtek Semiconductor Corp.*, No. 6-23-cv-00374-ADA (W.D. Tex.)." (Dkt. No. 82 at 6-7.)

Rule 4(f)(3) provides that an individual in a foreign country may be served "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3). The Court does not find that Taiwanese law prohibits email service. *See Noble Sec., Inc. v. Ingamar Co.*, 2021 WL 2012508, at *5 (E.D.N.Y. May 20, 2021); *Fourte Int'l Ltd. BVI v. Pin Shine Indus. Co.*, 2019 WL 246562, at *3 (S.D. Cal. Jan. 17, 2019) (collecting cases permitting e-mail service on a Taiwanese corporation). Since an international agreement does not prohibit service through mail, the Court, within its discretion, can authorize this method of alternative service if it satisfies the constitutional requirements of due process. The Court finds that service on Realtek's U.S. litigation counsel is reasonably calculated to give Realtek notice of the subpoena and give Realtek adequate time to present its objections. Lisa Nguyen of Paul Hastings is Realtek's active counsel in *ParkerVision, Inc. v. Realtek Semiconductor Corp.*, No. 6:23-cv-00374-ADA (W.D. Tex.). As Plaintiff points out, Ms. Nguyen must remain in communication with Realtek to adequately represent them. (Dkt. No. 82 (citing Tex. Disciplinary Rule of Professional Conduct 1.03).)

### IV.    CONCLUSION

For the foregoing reasons, the Court finds that Plaintiff's Motion for Leave to Effectuate Service of Subpoena to Realtek by Alternative Means (Dkt. No. 82) should be and hereby is **GRANTED**. It is therefore **ORDERED** that Plaintiff may serve the subpoena on Realtek by sending the subpoena by a form of mail that the clerk addresses that requires a signed receipt to Realtek's headquarters at No. 2, Innovation Road II, Hsinchu Science Park, Hsinchu 300, Taiwan, R.O.C. The Clerk of Court is directed to send by Federal Express, with the signed receipt requested, a copy of the subpoena (Dkt. No. 82-2) in the above-captioned case along with a copy of this Order to Realtek Semiconductor Corp. Plaintiff must provide the Court with a pre-addressed envelope and promptly pre-pay any postage or related fees. It is further **ORDERED** that Plaintiff may serve the subpoena (Dkt. No. 82-2) along with a copy of this Order on Realtek by emailing

its U.S. litigation counsel, Lisa Nguyen at Paul Hastings using the same email address listed for Ms. Nguyen in *ParkerVision, Inc. v. Realtek Semiconductor Corp.*, No. 6:23-cv-00374-ADA (W.D. Tex.): lisanguyen@paulhastings.com.

**So ORDERED and SIGNED this 14th day of February, 2025.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE