# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| UNIVERSAL CONNECTIVITY TECHNOLOGIES INC., <br><br>        Plaintiff, <br><br>   v. <br><br> LENOVO GROUP LIMITED, <br><br>        Defendant. | Case No. 2:23-cv-00449-JRG <br><br> **JURY TRIAL DEMANDED** <br><br> ███████████████ |

**PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

## **TABLE OF CONTENTS**

I.    FACTUAL BACKGROUND ................................................................................................. 1

        A.    UCT's Complaint ................................................................................................... 1

        B.    LGL's Motion to Dismiss ..................................................................................... 2

        C.    Mr. Bodnar's Deposition ...................................................................................... 2

II.    ARGUMENT ....................................................................................................................... 4

III.    CONCLUSION ................................................................................................................... 7

# TABLE OF AUTHORITIES

**Rules**

Fed. R. Civ. P. 26.................................................................................................................... 5, 6

Plaintiff Universal Connectivity Technologies, Inc. ("UCT") respectfully moves to compel the production of certain documents in the possession or control of Defendant Lenovo Group Limited ("LGL"). These documents are relevant to show that LGL has control over the development, sale, and marketing of the Lenovo Accused Products alleged to infringe in this case. UCT first learned of the existence of these documents during the deposition of Mr. Matthew Bodnar, an employee of Lenovo (US), who LGL designated to testify on its behalf pursuant to Rule 30(b)(6). The Court should grant this motion as the requested discovery will disprove LGL's defense of personal jurisdiction and is narrowly tailored to minimize burden.

## I.      FACTUAL BACKGROUND

### A.      UCT's Complaint

In the Complaint, UCT made a number of allegations regarding LGL's inducement, agency relationships, and control of subsidiaries, including the following:

> "Lenovo [LGL] induces its subsidiaries . . . in the making, using, selling, offering for sale, and/or importing throughout the United States, including within this District, infringing products," Complaint (Dkt. 1) ¶ 4;

> "Lenovo [LGL] and its U.S.-based subsidiaries . . . operate as agents of one another and vicariously as parts of the same business group to work in concert together," *Id.* ¶ 8;

> "At the direction and control of Lenovo [LGL], U.S.-based subsidiaries (including but not limited to Lenovo US and Lenovo Tech.) make, use, import, offer to sell, and/or sell Lenovo-branded" accused products,"*Id.* ¶ 8; and,

> "Lenovo [LGL] knowingly and intentionally induces infringement of one or more claims of the '905 Patent," *Id.* ¶ 18.

These assertions were each denied by LGL. Answer (Dkt. 56) ¶¶ 4, 8, 18.

**B.    LGL's Motion to Dismiss**

In response to the Complaint, LGL filed a motion to dismiss on the basis that this Court

lacks personal jurisdiction over it. *See* Defendant Lenovo Group Limited's Motion to Dismiss for

Lack of Personal Jurisdiction (Dkt. 18). There LGL makes the following assertions:

> "LGL does not control the activities of its subsidiaries with respect to any Lenovo-branded products, including the accused products," *id.* at 8;

> "there is no specific jurisdiction over LGL under an agency or alter ego theory," *id.* at 9;

> "UCT offers nothing but speculation to suggest that LGL exercises any control over its subsidiaries," *id.* at 10;

> UCT's Complaint "offer[s] no detail as to the relationship between LGL and its subsidiaries," *id.* at 10-11;

> LGL "does not engage in any Section 271 activities"; *id.* at 17.

The Court denied LGL's motion to dismiss but noted that "there are open factual disputes as to

whether LGL created, controls, or directs its subsidiaries to place the allegedly infringing products

into the stream of commerce in Texas."  Dkt. 47 at 7.

**C.    Mr. Bodnar's Deposition**

LGL designated Lenovo (US) employee Mr. Bodnar to testify on its behalf pursuant to

Rule 30(b)(6) with respect to a number of topics, including No. 23: "LGL's research, development,

testing, decision-making process, and conclusions regarding LGL's decision to include the

Accused Features in the Accused Products."  During his July 10, 2025 deposition, he identified

documents that are relevant to LGL's personal jurisdiction defense. ████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████ :

2

1. ███████ emails involving ████████████████████████
████████ ;

2. Documents involving ████████████████████████████ , ███████
█████████████████████████ 

3. Any documents relating to ████████████████████ ████
████████████ ;

4. Documents reflecting ██████████████████████████
██████████████████████████████ and

5. Documents sufficient to show ██████████████████████
██████████████████████████████████
██████████████ .

████████████████████████████████

████████████████████████████ . *See*

McManus Decl. ¶ 2 (Bodnar Tr. at 209:7-17). ████████████████

██████████████████████ :

████████████████████████████████
████████████████████████████████
███████████

*Id.* at 212:25-213:6. Mr. Bodnar further testified that ██████████████

████████ *Id.* at 145:23-147:7 ██████████████████

████████ ").

Mr. Bodnar testified that ████████████████████

████████████████████████████████

████ . *Id.* at 14:23-15:16. He further testified that, at various times throughout the planning

process, ████████████████████████████ . *Id.* at

15:21-16:23. ████████████████████████

█████████████████████████████████████. *Id.* at 16:2-10 ("█████████████████████"); *id.*

at 32:14-33:2 ███████████████████████████████████████████ With

respect to the █████████████████████████████████, Mr. Bodnar testified that the

████████████:



*Id.* at 39:11-19.

Mr. Bodnar testified that it ████████████████████████████████████

████████████████████████████ *Id.* at 16:17-23. Mr. Bodnar further

testified that his boss, ████████████████████████████████████████

██████████████████." *Id.* at 57:7-58:3. Mr. Bodnar testified that ███████████████

████████████ *Id.* at 58:4-22. ███████████████████████████████

██████████████████████████ *Id.* at 33:3-20. ███████████████████████

██████████████████████" *Id.* at 34:23-35:1.

## II.    ARGUMENT

The Discovery Order governing the present case requires that each party produce all

documents "relevant to the pleaded claims or defenses involved in this action." Discovery Order,

Dkt. 26, ¶ 3(b). The requested documents are relevant to the issues of personal jurisdiction, agency,

alter ego, and inducement, which remain live disputes between the parties.  The requested

documents are relevant to such disputes as described below.

████████████ **emails**: The first category of requested documents, email from or

involving ███████████████████████████████████████, is relevant to show

control exercised by LGL over its U.S. subsidiaries. ███████████████████████████

████████████████████████████████████████████████████████████ UCT

disagrees and respectfully submits that its request is narrowly tailored to lead to the discovery of

admissible evidence. Emails ████████████████████████████████████████████

████████████████████████ would tend to show LGL's control and direction of activities

in the United States. For example, an email from LGL congratulating Lenovo (US) employees on

the occasion of Lenovo's year-end results is relevant to show that LGL is the beneficiary of Lenovo

(US)'s business activities in the United States. To the extent that LGL argues that producing such

emails would be burdensome, UCT respectfully submits that the relevance of this discovery

increases in direct proportion to the volume of such emails—███████████████████

████████████████████████████ these documents considered together

would show greater control and direction by LGL over Lenovo (US), satisfying the requirement

that discovery be "proportional to the needs of the case" given "the importance of the discovery in

resolving the issues." Fed. R. Civ. P. 26(b)(1).

████████ **presentations**: The second category of requested documents, documents

involving ██████ relating to the Accused Products, including presentations given at any location

in the United States, including the Morrisville, NC campus, is relevant to specific jurisdiction and

the degree of control exercised by LGL over its U.S. subsidiaries. Mr. Bodnar specifically testified

that █████████████████████████████████████████████████

████████████████████. Again as discussed above, any burden argument raised by LGL

should not prevent discovery of these documents. For example, if ██████ has presented only a

handful of times in United States locations, then the burden would be minimal for LGL to locate

and produce these documents. On the other hand, if ██████ has made dozens of presentations



5

in the United States, then the collective sum of these documents would be of considerable relevance in showing that LGL conducts substantial activity in the United States. *See* Fed. R. Civ. P. 26(b)(1).

 **documents**: The third category of requested Bodnar documents, ███████ ██████████████████████████████████████████ is relevant to the issues of specific jurisdiction, inducement, and benefits of the Asserted Patents. For example, U.S.-based testing would show use of the Accused Products in the United States, the features of the products that are of interest to LGL, and active placing of the Accused Products in the stream of commerce in the United States.

███ **presentations**: The fourth category of requested Bodnar documents, ██████



██████████████████████████████████████████████ relate to control of development of the accused products and, more broadly, to LGL's direct control over U.S. employees. Mr. Bodnar specifically referred to ████████████████████████████ ██████████████████████████████ *See* McManus Decl. ¶ 2 (Bodnar Tr. at 42:2-7) (regarding the ████████████████ ██████████████████████████ ██████████████████████████. *Id.* at 39:11-19. UCT specifically requests those ████████████████████ in addition to presentations as described above. These documents are relevant to LGL's control and approval ███████ of the Accused Products.

**The identity** ███████ **Lenovo executives**. The fifth category of requested Bodnar documents, documents reflecting the identity, employment (including all positions held at any Lenovo entity), location, and responsibilities of the executives located outside of the United States involved in the design, development, and approval of the Accused Product, are relevant to LGL's

6

control, through its ███████████████████████████, of Lenovo United States employees. UCT specifically seeks at least documents to identify the full names, locations, and employment relating ██████████████████ identified by Mr. Bodnar in his deposition ████████ ████████████████████████████████████████.

## III.    CONCLUSION

In view of the relevance and importance of the Bodnar documents, which are narrowly targeted to minimize any undue burden, Plaintiff respectfully moves the Court to compel their production by LGL.

Dated: August 21, 2025                           Respectfully submitted,

By: */s/ Brett E. Cooper*
Brett E. Cooper (NY SBN 4011011)
bcooper@bc-lawgroup.com
Seth Hasenour (TX SBN 24059910)
shasenour@bc-lawgroup.com
Jonathan Yim (TX SBN 24066317)
jyim@bc-lawgroup.com
Drew B. Hollander (NY SBN 5378096)
dhollander@bc-lawgroup.com
Ashley M. Ratycz (IL SBN 6330321)
aratycz@bclgpc.com
**BC LAW GROUP, P.C.**
200 Madison Avenue, 24th Floor
New York, NY 10016
Tel.: (212) 951-0100
Fax: (646) 293-2201

Andrea L. Fair (TX Bar No. 24078488)
**MILLER FAIR HENRY, PLLC**
1507 Bill Owens Parkway
Longview, TX 75604
Telephone: (903) 757-6400
andrea@millerfairhenry.com

***Attorneys for Plaintiff Universal Connectivity Technologies Inc.***

7

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served via electronic mail on August 21, 2025.

/s/ Brett E. Cooper
Brett E. Cooper

## CERTIFICATE OF CONFERENCE

Counsel for both parties have complied with the meet and confer requirements and UCT's motion to compel is opposed.

/s/ Brett E. Cooper
Brett E. Cooper

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

The undersigned certifies that, pursuant to Local Rule CV-5(7)(A), authorization for filing the foregoing document and/or exhibits thereto under seal has been conveyed through the Protective Order (Dkt. No. 32) entered in this matter.

/s/ Brett E. Cooper
Brett E. Cooper