**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| UNIVERSAL CONNECTIVITY TECHNOLOGIES INC., | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | CIVIL ACTION NO. 2:23-CV-00449-JRG |
| LENOVO GROUP LIMITED, | § § § | |
| *Defendant.* | § § § | |

## MEMORANDUM OPINION AND ORDER

The Court held a Pretrial Conference in the above-captioned case on January 21, 2026 regarding pending pretrial motions, motions in *limine* ("MILs"), and disputed exhibits between Plaintiff Universal Connectivity Technologies Inc. ("Plaintiff," or "UCT") and Defendant Lenovo Group Limited ("Defendant," or "LGL") (collectively, the "Parties.") (Dkt. Nos. 232, 233, 234, 235, 236, 237, 238, 239, 240, 241, 280, 281, 319.) This Order memorializes the Court's rulings on the pretrial motions, MILs, and disputed exhibits as announced from the bench and read into the record, including additional instructions that were given to the Parties. While this Order summarizes the Court's rulings as announced into the record during the Pretrial Conference, this Order in no way limits or constrains such rulings from the bench. Accordingly, it is hereby **ORDERED** as follows:

1. **LGL's Unopposed Motion for Leave to Present One Additional Testifying Expert Witness (Dkt. No. 319).**

   The motion was **GRANTED** as unopposed.

2. **LGL's Motion for Summary Judgement of No Infringement With Respect to U.S. Patent No. 7,746,798 (Dkt. No. 235).**

The motion was **GRANTED**. The Court determined that under the Parties' agreed construction of "synchronization symbol," a symbol must both "mark the start" of a packet and "coordinate events," and that a symbol does not coordinate events merely by virtue of it marking the start of the packet. In light of this determination regarding claim construction, the Court found that there was no support in the record for a finding of infringement of the '798 patent, given that UCT's expert testimony did not provide a basis on which a reasonable jury could find that the synchronization symbols coordinate events independent of their marking the start of the packets.

3. **LGL's Motion to Exclude Expert Testimony of Dr. Vijay Madisetti (Dkt. No. 236).**

The motion was **GRANTED-IN-PART** and **DENIED-IN-PART**.

On the issue of Dr. Madisetti's opinions regarding the alleged incremental benefits on the patents-in-suit, the Court **granted** the motion to exclude this testimony. The Court found that Dr. Madisetti's report failed to sufficiently tie his conclusions, which he derived from the standards, back to the asserted patents, given that the asserted patents are *not* standard essential by UCT's own admission.

On the issue of Dr. Madisetti's "new" theories that LGL contests were not disclosed in UCT's infringement contentions, the Court **denied as moot** the part of the motion relating to the '798 patent, **granted** the part of the motion relating to claim 74 of the '307 patent to reflect the Parties' agreement and representation not to assert such theories as to claim 74 of the '307 patent, and the Court otherwise determined that UCT's infringement contentions had sufficiently disclosed Dr. Madisetti's theories and **denied** the remainder of the motion.

Following this ruling from the Court, UCT asked if it might seek leave to supplement Dr. Madisetti's report. The Court **ORDERED** that UCT submit a written motion to the Court with a

proposal for when and how it requests leave to supplement Dr. Madisett's report by **12:00 p.m.** on **January 26, 2026**. LGL may respond to this motion by **12:00 p.m.** on **January 29, 2026**, and no further briefing will be considered by the Court. Thereafter the Court will rule on such request.

4. **UCT's Motion to Stike and Exclude Opinions of Henry Direen (Dkt. No. 239).**

The motion was **DENIED AS MOOT** in light of the Court's ruling on Dkt. No. 235 (granting summary judgement of no infringement of the '798 patent).

5. **LGL's Motion to Exclude and Strike Expert Testimony of Mr. Nigel Jones (Dkt. No. 238).**

The portion of the motion regarding Mr. Jones' opinions on the representativeness of third-party source code directories was **GRANTED**. The Court found that Mr. Jones does not provide a sufficient explanation of his methodology in his report to support his ultimate conclusion that the differences between the source code directories he examined were not material.

The portion of the motion regarding Mr. Jones' opinions on "synchronization symbols" was **DENIED AS MOOT** in light of the Court's rule on Dkt. No. 235 (granting summary judgement of no infringement of the '798 patent).

The Court **ORDERED** UCT to include any potential requests to supplement Mr. Jones' report in its motion to be submitted by 12:00 p.m. on January 26, 2026.

6. **UCT's Motion to Exclude Noninfringing Alternative Testimony of James Geier, Robert Dezmelyk, Harry Direen, and DeForest McDuff (Dkt. No. 241).**

The motion was **GRANTED-IN-PART** and **DENIED-IN-PART**.

The Court **denied** the portion of the motion seeking to exclude the broad noninfringing alternative testimony in these experts' opening reports.

The Court **granted** the portion of the motion seeking to exclude testimony asserting the Qualcomm-based products specifically as noninfringing alternatives in the experts' rebuttal

reports. The Court found that LGL had not met its burden to raise and establish the applicability of the named Qualcomm-based products as noninfringing alternatives, given the experts' own admissions they had not examined source code or technical documentation regarding these products.

7. **LGL's Motion to Exclude Expert Testimony of Dr. Reed-Arthurs (Dkt. No. 237).**

The motion was **GRANTED-IN-PART** and **DENIED-IN-PART**.

The Court **granted** the portion of the motion seeking to exclude Dr. Reed-Arthurs' opinions on the survey for the '905, '307, and '798 patents in light of its ruling on Dkt. No. 236 (granting the motion to strike the portions of Dr. Madisetti's report on which Dr. Reed-Arthurs relied to reach this opinion).

The Court **denied** the portion of the motion regarding damages calculations for the '231 patent, finding that Dr. Reed-Arthurs properly relied on opinions of Dr. Madisetti that have survived *Daubert* motion practice, and the Court **denied** the remainder of the motion.

8. **UCT's Motion for Partial Summary Judgement of No Invalidity of U.S. Patent No. 7,746,798 (Dkt. No. 240).**

The motion was **DENIED AS MOOT** in light of the Court's ruling on Dkt. No. 235 (granting summary judgement of no infringement of the '798 patent), given that the invalidity contentions in this case are only asserted as affirmative defenses and not independent counterclaims.

9. **LGL's Motion for Partial Summary Judgement of No Infringement with Respect to U.S. Patent No. 7,187,307 (Dkt. No. 234).**

The motion was **DENIED**. The Court determined that factual disputes remain which preclude summary judgement on the question of infringement of the '307 patent.

10. **LGL's Motion for Partial Summary Judgement Regarding License Defense (Dkt. No. 232).**

The motion was **DENIED**. The Court determined that the motion did not present any dispute which would open the door to judicial interpretation of the license at issue.

11. **LGL's Motion for Summary Judgement of No Constructive Notice (Dkt. No. 233).**

The motion was **GRANTED-IN-PART** and **DENIED-IN-PART**.

Regarding the Apple products, the Court **granted** the motion. The Court expressly found that an expert's reliance on a Wikipedia article is not reliable and therefore is not appropriate summary judgment evidence. The Court further found that all Apple products had been properly disclosed, as the Court had previously determined in its earlier order denying UCT's motion to strike. Accordingly, the Court granted summary judgement of no constructive notice on the five Apple products.

Regarding the Intel products, the Court **denied** the motion. The Court found that Dr. Madisetti provided sufficient analysis in his report to create an issue of material fact that precludes an entrance of summary judgement.

12. **Parties Opposed Motions *in Limine* (Dkt. Nos. 280, 281).**

a. *UCT's Motion* in Limine *1: no evidence, testimony, or argument as to Wi-LAN's owners, subsidiaries, or related entities (other than UCT), or statements that Wi-LAN has created shell companies, a web of companies, or other statements that would unduly emphasize the number of companies owned by, or related to, Wi-LAN.*

This MIL was **GRANTED**, with the clarification that Wi-LAN may be mentioned in the case but only on a factual, background basis regarding its relationship to UCT.

b. *UCT's Motion* in Limine *2: no evidence, testimony, or argument that any LGL accused product is covered by any LGL or third-party patent.*

This MIL was **GRANTED** by agreement of the Parties as stated in their briefing.

    c.  *UCT's Motion* in Limine *3: no evidence, testimony, or argument regarding a party's prior or current law firm's or the party's (including related entities) retention of the same expert in other litigation.*

This MIL was **GRANTED** by agreement of the Parties as read into the record. The Parties reached an understanding that this MIL does not prevent questioning the experts regarding the number of times they have testified for a given plaintiff or defendant.

    d.  *UCT's Motion* in Limine *4: no evidence, testimony, or argument that uses the prosecution history for any claim construction or claim scope argument.*

This MIL was **DENIED AS MOOT** in light of the Court's ruling on Dkt. No. 235 (granting summary judgement of no infringement of the '798 patent).

    e.  *UCT's Motion* in Limine *5: no evidence, testimony, or argument that it was improper for an expert to submit an errata or supplemental expert report or that such submission indicates any error or deficiency in the original report.*

This MIL was **GRANTED** as to supplemental reports but **DENIED** as to erratas. The Court determined that the jury can consider whether a witness submitted a substantial number of corrections in the form of an errata in weighing the credibility of their testimony, but the Court directed that the Parties not mischaracterize an errata as anything beyond the correction of an unintended error.

    f.  *LGL's Motion* in Limine *1: exclude evidence and argument regarding total revenue and profits of accused products.*

This MIL was **GRANTED**. The Court noted that it has a pre-existing standing MIL No. 3 which precludes mentioning a party's overall financial size, wealth, or executive compensation, and that it sees this MIL as an appropriate corollary to that. UCT is required to seek leave to mention total revenues or profits for the accused products, if they determine that such numbers will be necessary for Dr. Reed-Arthurs to mention when testifying about her damages calculations.

6

g. *LGL's Motion* in Limine *2: exclude evidence and argument regarding standards-based infringement theories.*

This MIL was **DENIED** as overly broad. The Court clarified that the Parties are not to improperly use the dropped standards-based positions and arguments from earlier in this case, but they may be mentioned to the extent the evolution of the parties' positions throughout the duration of this case are relevant to issues at trial.

h. *LGL's Motion* in Limine *3: exclude testimony and argument that LGL fact witnesses have not read the asserted patents.*

This MIL was **GRANTED**, with the substantive addition: "exclude testimony and argument that LGL fact witnesses have not read the asserted patents <u>unless the witness has been previously designated for deposition on any issue related to the patents</u>."

## 13. Parties' Exhibit Disputes

UCT's exhibits PTX-006 and PTX-007 are not preadmitted as they currently exist, but the Parties read into the record an agreement to prepare redacted versions of those exhibits consistent with the Court's order on LGL's MIL No. 1, which will resolve the dispute and allow these exhibits to be preadmitted. As such and with appropriate redactions these exhibits are **PRE-ADMITTED**.

In addition, UCT's exhibits PTX-008, PTX-027, PTX-028, PTX-029, and PTX-030 are **PRE-ADMITTED**.

LGL's exhibits DTX-001, DTX-002, DTX-003, DTX-004, DTX-006, DTX-007, DTX-008, DTX-009, DTX-010, DTX-011, DTX-012, and DTX-018 are **PRE-ADMITTED**.

The Court heard argument on PTX-004 and PTX-005, and these exhibits were **not** pre-admitted in light of LGL's Rule 403 and 408 objections and the Court's concern about a risk of jury confusion and skewing the damages horizon. The Court excluded them as pre-admitted exhibits but did not strike them as attachments to Dr. Reed-Arthurs' expert report, and informed

UCT that it may approach the bench and seek leave to use these documents as demonstratives if
during trial it believes it can persuade the Court that the use of these documents have significant
substantive and probative value in light of how the case has developed.

**So ORDERED and SIGNED this 29th day of January, 2026.**

RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE